FOLGER LEVIN & KAHN LLP
Michael F. Kelleher (CSB No. 165493, mkelleher@flk.com)
Julie L. Fieber (CSB No. 202857, jfieber@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

BREALL & BREALL
Joseph M. Breall (CSB No. 124329, jmbreall@breallaw.com)
1255 Post Street, Suite 800
San Francisco, CA 94109
Telephone: (415) 345-0545

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust,<br><br>Plaintiffs,<br><br>v.<br><br>THEODORE BROWN & PARTNERS, INC.<br><br>Defendant. | Case No. 07-05473-CRB<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT OF COPYRIGHT** |

**THE PARTIES**

1. Plaintiffs Louis Rovens and Adrienne Rovens (collectively "the Rovens") are individuals who were at all relevant times residing in San Francisco, California.

2. Plaintiffs Raymond Bregante and Jeffrey M. White are among the trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust dated June 5, 2006 (the "Trust"), a

1  valid and existing California trust.  Mr. White has resided in San Francisco, California, and Mr.
2  Bregante has resided in Marin County, California at all relevant times.

3      3.    Upon information and belief, Defendant Theodore Brown and Partners, Inc.
4  ("TBP") is a California corporation whose headquarters are at 1620 Montgomery Street, Suite
5  320, San Francisco, CA 94111.

## ALLEGATIONS CONCERNING JURISDICTION AND VENUE

    4.    This Court has jurisdiction over the subject matter of this action pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the federal copyright laws, 17 U.S.C. §§ 501, et. seq.

    5.    This Court has personal jurisdiction over TBP based upon its presence and conduct in this judicial district.

    6.    Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2) and (c), and 28 U.S.C. § 84 because Plaintiffs and Defendant are subject to personal jurisdiction in this district and a substantial part of the events giving rise to the claim occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

    7.    Pursuant to Civil Local Rules 3-2(c) and 3-5, this action is appropriate for assignment to the San Francisco or Oakland divisions because the actions alleged occurred in San Francisco, California.

## FACTUAL ALLEGATIONS

    8.    On or about June 2006, the Rovens purchased a condominium at the Four Seasons Residences in San Francisco, California (the "Four Seasons Apartment") with the intention of remodeling the apartment to serve as the Rovens' residence.  Both for estate planning purposes and due to their advancing age, the Rovens created the Trust to hold the property and named Raymond Bregante and Jeffrey M. White among of the trustees.  The Trust leases the Four Seasons Apartment to the Rovens in exchange for their payment of the remodeling construction, taxes, fees, and upkeep.

    9.    The Rovens retained Roberto Salazar and Salazar Designs, Inc. (collectively "Salazar") to act as their owners' representative and oversee an extensive remodel of the Four

Seasons Apartment ("the Project"). In particular, Salazar agreed to oversee the apartment layout plan, interview and hire an architect, procure plans and specifications from the architect including finishes, and provide Plaintiffs with a finished set of plans and specifications for bidding.

10. In or about June 2006, Salazar, acting as the representative of the Plaintiffs, retained Defendant TBP to act as architect for the Project. Salazar specifically disclosed to TBP that Salazar had a contract with the Rovens and that TBP's work was for the benefit of the Rovens. TBP accepted the assignment knowing that the work was to be performed for the benefit of the Rovens.

11. From about June 2006 to about December 2006, the Rovens worked with Salazar to plan the remodel. As a starting point for planning, the Rovens provided Salazar with floor plans for the pre-remodel Four Seasons Apartment, and Salazar provided these floor plans to TBP. In meetings with Salazar, the Rovens described their preferences for their residence and agreed with Salazar on design elements that would meet those preferences. The Rovens and Salazar planned to retain much of the existing layout of the Four Seasons Apartment as shown in the pre-remodel floor plans, and these instructions were given to TBP for the preparation of remodel plans.

12. In about October 2006, TBP prepared a set of initial but incomplete plans for the Project (the "TBP Plans") that was provided to the Rovens. Much of the TBP Plans was not original in that the TBP Plans incorporated pre-existing physical characteristics of the pre-remodel layout of the Four Seasons Apartment. The TBP Plans also used other standard and common architectural elements such as an octagonal entryway to satisfy the preferences of the Rovens.

13. The Rovens made substantial payments to Salazar on the Project, including amounts to be paid to TBP for preparation of the TBP Plans. On information and belief, Plaintiffs allege that Salazar paid TBP on three invoices for TBP's work for the Project.

14. In or about December 2006, the Rovens discovered that Salazar had breached its contract with the Rovens and defrauded the Rovens in several ways, including by overcharging for materials. The Rovens also learned that TBP had failed to competently advise Salazar, and

that TBP had failed to complete the TBP Plans in a timely manner. Due to these discoveries, the Rovens discharged Salazar and TBP. On December 18, 2006, the Rovens filed a complaint against Salazar, TBP and other defendants in San Francisco Superior Court. The Trust has also filed a cross-complaint against Salazar and others in the state court litigation. That litigation is ongoing.

15. After discharging Salazar and TBP, the Rovens retained Orlando Diaz-Azcuy Design Associates ("ODADA") to replace Salazar as the interior designer on the Project. ODADA worked with the Rovens to prepare new designs and plans for the Project (the "ODADA Plans"). With ODADA's assistance, the Rovens sought to complete the remodel to meet their preferences and to use expensive components such as stone flooring that had already been purchased.

16. ODADA did not copy the TBP Plans in preparing the ODADA Plans. Rather, ODADA prepared a completely new and different construction document set over a five month period. The ODADA Plans are much more detailed than the incomplete TBP Plans. As a starting point for the ODADA Plans, ODADA used the base plans for the pre-remodel Four Seasons Apartment which showed the location of columns, windows, walls and other layout information. Due to the preservation of much of the pre-existing layout of the Four Seasons Apartment and the need to use expensive stone that had already been purchased, the room layouts of the ODADA Plans and the TBP Plans are similar. However, there are substantial differences in the TBP Plans and the ODADA Plans, including:

- Bathrooms have been relocated and toilets moved;
- A master closet has been moved;
- The kitchen has been refashioned;
- Family room walls have been changed to accommodate a different seating arrangement and TV location;
- All millwork has been custom designed by ODADA and all finishes and most fixtures have been changed, except stone that had been purchased before Salazar was replaced on the Project;

- Existing fan coil units have been removed and relocated in the ceiling;
- New and different octagonal stone columns have been installed to work with the relocated hall walls and new trim details.

17. By letter dated August 23, 2007, TBP wrote to ODADA claiming that ODADA was "using" TBP's design. In the letter, TBP asserted that the "drawings, designs and layouts for the Rovens residence at 765 Market Street, unit 32A [the Four Seasons Apartment], have been registered with the Library of Congress, and any infringement of this copyright shall be prosecuted to the full extent allowed by Federal law. Penalties arising from this copyright infringement can adversely affect your firm and can undermine any and all proposed construction associated with the infringement."

18. ODADA responded to the August 23, 2007 letter, denying that it was infringing any copyright in the TBP Plans.

19. In an effort to interfere with the Rovens' ability to complete the Project, TBP has written to third-parties involved in the Project threatening copyright and other claims.

20. In a letter dated October 8, 2007, TBP wrote to William Walters of Walters Architects claiming that the TBP Plans were copyrighted, and that "any infringement of this copyright will be prosecuted to the full extent allowed by Federal law. Penalties arising from this copyright infringement can adversely affect you and your license." TBP also claimed that Walters had violated architectural professional conduct rules by copying the layout of the TBP Plans and was subject to disciplinary action.

21. In a letter dated October 8, 2007, TBP wrote to Ken Paige, president of the Four Seasons Residences Homeowners association, asserting that

> It has come to our attention that Mr. and Mrs. Lou Rovens of Unit 32A have begun construction for the renovation of their unit. Please be advised that the Rovens are in the middle of a contested litigation case. We believe there has been an infringement of our copyrighted architectural design layout, as originally rendered by Theodore Brown & Partners, Inc.
>
> The Rovens have not paid for our architectural services rendered in 2006. However, when we recently had an opportunity to review their new construction documents prepared by another firm, we found that they are our copyrighted design [sic].

> Therefore, we are currently investigating the possibility of seeking a court injunction to stop construction until the copyright issues can be resolved.

22. In a letter dated October 8, 2007, TBP wrote to Neil Whitehouse of Whitehouse Builders, asserting that

> you may be infringing on our copyright by copying, distributing and using plans of our copyrighted design layout, as originally rendered by Theodore Brown &Partners, Inc., for a project in unit 32A of the Four Seasons at 765 Market Street.
>
> We have informed Orlando Diaz, William Walters (of Walters Architects), and the president of the Four Seasons Residences Homeowners Association that our drawings, designs and layouts for the Rovens residence have been registered with the Library of Congress, and any infringement of this copyright will be prosecuted to the full extent allowed by Federal law.  Penalties arising from this copyright infringement may adversely affect your firm and can undermine any and all proposed construction associated with the infringement.
>
> We are currently investigating the possibility of seeking a court injunction to stop construction until the copyright infringement issues can be resolved."

## FIRST CLAIM FOR DECLARATORY RELIEF

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22 as though fully stated herein.

24. There is a substantial and continuing justiciable controversy between Plaintiffs and Defendant TBP as to TBP's right to threaten or maintain suit for copyright infringement of the TBP Plans; as to the validity and scope of the asserted copyright interest; and as to whether Plaintiffs are entitled to a defense even if TBP has a copyright interest.

25. TBP has harmed and will continue to harm Plaintiffs by threatening copyright litigation against Plaintiffs and against ODADA and other third-parties working for Plaintiffs on the Project.

26. Plaintiffs seek a declaration from this Court that:

   a. Plaintiffs and their agents are not liable for copyright infringement because, to the extent that TBP has a copyright interest in the TBP Plans, Plaintiffs have a license to use the TBP Plans by virtue of TBP's contractual relationship with Salazar as

the agent of Plaintiffs, and TBP's acceptance of payment for its work on the TBP Plans;

    b. Plaintiffs and their agents are not liable for copyright infringement because Plaintiffs and their agents did not copy the TBP Plans;

    c. Plaintiffs and their agents are not liable for copyright infringement because any similarities between the ODADA Plans and the TBP Plans arise from elements that are not protected by copyright because they are not original and protected expressions by TBP;

    d. Plaintiffs and their agents are not liable for copyright infringement because Plaintiffs are entitled to use the TBP Plans under the doctrine of fair use, 17 U.S.C. § 107.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment as follows:

27. For entry of a Judgment declaring that Plaintiffs and Plaintiffs' agents do not infringe any copyright interest of TBP.

28. An award to Plaintiffs of their attorneys' fees pursuant to 17 U.S.C. § 505.

29. For such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: October 29, 2007                FOLGER LEVIN & KAHN LLP

/s/ Michael F. Kelleher
Michael F. Kelleher
mkelleher@flk.com
Attorneys for Plaintiffs

72015\2004\572892.3