TOBIN & TOBIN
PAUL E. GASPARI, ESQ., SBN #76496
GREGORY J. RYKEN, ESQ., SBN #58199
500 Sansome Street, 8th Floor
San Francisco, CA 94111-3211
Telephone:   (415) 433-1400
Facsimile:   (415) 433-3883
Email:  pgaspari@tobinlaw.com

Attorneys for Defendant,
THEODORE BROWN & PARTNERS, INC.,
a California corporation

ORIGINAL FILED
07 DEC 19 PM 2:49
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise Shanfeld Irrevocable Trust,<br><br>Plaintiffs,<br><br>v.<br><br>THEODORE BROWN & PARTNERS, INC.<br><br>Defendant. | CASE No. 07-05473-CRB<br><br>**ANSWER OF THEODORE BROWN & PARTNERS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

- 1 -
ANSWER TO FIRST AMENDED COMPLAINT

Defendant, THEODORE BROWN & PARTNERS, INC. (hereinafter "Defendant" or "TBP"), by its attorneys, responds to the Complaint of Plaintiffs, LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise Shanfeld Irrevocable Trust (hereinafter "Plaintiffs") on file herein as follows:

1. Answering paragraph 1, Defendant is without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 1 and on that basis denies each and every allegation contained in paragraph 1.

2. Answering paragraph 2, Defendant is without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 2 and on that basis denies each and every allegation contained in paragraph 2.

3. Answering paragraph 3, Defendant admits that Theodore Brown & Partners is incorporated in California and that its principle place of business is 1620 Montgomery Street, Suite 320, San Francisco, CA 94111. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 3.

4. Answering paragraph 4, Defendant admits that Plaintiffs have pled facts that if true are sufficient to establish jurisdiction under 28 U.S.C. § 2201 and 2202. Defendant further admits that Plaintiffs have pled facts sufficient to establish jurisdiction under 17 U.S.C.§§ 501 et seq. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 4.

5. Answering paragraph 5, Defendant admits that Plaintiffs have pled facts sufficient to establish personal jurisdiction over Defendant. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 5.

6. Answering paragraph 6, Defendant admits that this case is properly venued in this

14. Answering paragraph 14, Defendant admits that Roberto Salazar requested TBP to stop work on the Four Seasons project and that Plaintiffs have filed a claim against TBP in San Francisco Superior Court. Defendant expressly denies that TPB failed to competently advise Roberto Salazar or complete the architectural plans in a timely manner. Except as expressly admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and on that basis deny each and every allegation contained in paragraph 14.

15. Answering paragraph 15, Defendant is without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 15 and on that basis denies each and every allegation contained in paragraph 15.

16. Answering paragraph 16, Defendant admits that the TBP Plans and the ODADA Plans for the subject apartment are substantially similar. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 16.

17. Answering paragraph 17, Defendant admits that its drawings, designs and layouts for the Rovens' Market Street residence have been registered with the Library of Congress. Defendant admits that it wrote a cease and desist letter to ODADA informing it that its use of TBP's design is an infringement of TBP's copyright in the plans.

18. Answering paragraph 18, Defendant is without sufficient knowledge or information to form a belief as the truth of the allegations contained in paragraph 18 and on that basis denies each and every allegation contained in paragraph 18.

19. Answering paragraph 19, Defendant admits that it wrote to third parties informing them of TBP's copyright in the architectural plans for the Four Seasons Apartment. Except as

expressly admitted, Defendant denies each and every allegation contained in paragraph 17.

20. Answering paragraph 20, Defendant admits that it wrote a cease and desist letter to William Walters informing him that his use of TBP's architectural plans is an infringement of TBP's copyright.

21. Answering paragraph 21, Defendant admits that it wrote a letter to Ken Paige informing him that use of the TBP architectural plans in construction of the Rovens' Market Street Apartment is an infringement of TBP's copyright and that TBP and Plaintiffs are currently involved in a lawsuit.

22. Answering paragraph 22, Defendant admits that it wrote a cease and desist letter to Whitehouse Builders informing them that their use of TBP's architectural plans is an infringement of TPB's copyright.

23. Answering paragraph 23, Defendant hereby incorporates their answers to paragraphs 1 through 22 as set above.

24. Answering paragraph 24, Defendant denies each and every allegation set forth in paragraph 24.

25. Answering paragraph 25, Defendant denies each and every allegation set forth in paragraph 25.

26. Answering paragraph 26, Defendant denies each and every allegation set forth in paragraph 26.

27. Answering paragraph 27, Defendant denies each and every allegation set forth in paragraph 27.

28. Answering paragraph 28, Defendant denies each and every allegation set forth in

ANSWER TO FIRST AMENDED COMPLAINT

paragraph 28.

29. Answering paragraph 29, Defendant denies each and every allegation set forth in paragraph 29.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As a first separate affirmative defense, Defendant alleges that the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. As a second separate affirmative defense, Defendant alleges that Plaintiffs do not have standing to assert the claims asserted in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

3. As a third separate affirmative defense, Defendant alleges that Plaintiffs have waived any rights they might have arising from any alleged acts or omissions of Defendants.

### FOURTH AFFIRMATIVE DEFENSE

4. As a fourth separate affirmative defense, Defendant alleges that Plaintiffs are estopped to complain of any alleged act or omission on the part of Defendant.

### FIFTH AFFIRMATIVE DEFENSE

5. As a fifth separate affirmative defense, Defendant alleges that Plaintiffs are barred by laches from pursuing any remedy otherwise afforded to them.

### SIXTH AFFIRMATIVE DEFENSE

6. As a sixth separate affirmative defense, Defendant alleges that all acts of omission of Defendant, its agents, or its employees as alleged in the complaint were justified.

SEVENTH AFFIRMATIVE DEFENSE

7. As an seventh separate affirmative defense, Defendant alleges Plaintiff has failed to use reasonable care to minimize and mitigate any losses or damages complained of, if there are any.

8. Defendant presently has insufficient knowledge or information with which to form a belief as to whether it may have additional, as of yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that such defenses would be appropriate.

PRAYER

Defendants pray:

1. That the Complaint be denied and all its claims for relief be dismissed with prejudice;

2. That Defendant be awarded the costs of the suit incurred herein;

3. That Defendant be awarded its reasonable attorney's fees; and

4. That Defendant be awarded such other and further relief as this Court may deem just and proper.

Dated: December 13, 2007

TOBIN & TOBIN

By: _____
Paul E. Gaspari
Attorneys for Plaintiff
THEODORE BROWN & PARTNERS, INC.

H:\PEG\Theodore Brown\Answer.doc

PROOF OF SERVICE

CASE NAME: <u>Louis Roven, et al. v. Theodore Brown &I Partners, Inc.</u>
COURT: United States District Court, Northern District of California
CASE NO.: 07-05473-CRB

I, Marilynn J. Cooper, declare:

I am over the age of eighteen years and not a party to the cause. I am employed by the law firm of Tobin & Tobin, 500 Sansome Street, 8th Floor, San Francisco, California 94111-3211.

On December 19, 2007, I served the document described as: **ANSWER OF THEODORE BROWN & PARTNERS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the parties in this matter by placing a true copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Folger Levin & Kahn LLP<br>Michael F. Kelleher, Esq.<br>Julie L. Fieber, Esq.<br>Embarcadero Center West<br>275 Battery Street, 23rd Floor<br>San Francisco, California 94111<br>Tel: (415) 986-2800<br>Fax: (415) 986-2827<br>***Attorneys for Plaintiffs*** | Breall & Breall<br>Joseph M. Breall, Esq.<br>1255 Post Street, Suite 800<br>San Francisco, California 94109<br>Tel: (415) 345-0545<br>Fax: (415) 345-0538<br>***Attorneys for Plaintiffs*** |

Service of the above document(s) was effectuated by the following means of service:

XX **By First Class Mail** -- I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. It is deposited with the United States Postal Service in the ordinary course of business on the same day it is processed for mailing. I caused such envelope(s) to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

XX **Federal Court** -- I declare under penalty of perjury that the foregoing is true and correct and that service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to the cause.

Executed this December 19, 2007, at San Francisco, California.

Marilynn J. Cooper

H:\MJC\PROOFS OF SERVICE\PROOF OF SERVICE 001-USDC-ROVEN V. THEODORE BROWN.doc