| | |
|---|---|
| 1 | FOLGER LEVIN & KAHN LLP |
| 2 | Michael F. Kelleher (CSB No. 165493, mkelleher@flk.com)<br>Julie L. Fieber (CSB No. 202857, jfieber@flk.com) |
| 3 | Kevin P. O'Brien (CSB No. 215148, kobrien@flk.com)<br>Embarcadero Center West |
| 4 | 275 Battery Street, 23rd Floor<br>San Francisco, CA 94111 |
| 5 | Telephone: (415) 986-2800<br>Facsimile: (415) 986-2827 |
| 6 | BREALL & BREALL |
| 7 | Joseph M. Breall (CSB No. 124329, jmbreall@breallaw.com)<br>1255 Post Street, Suite 800 |
| 8 | San Francisco, CA 94109<br>Telephone: (415) 345-0545 |
| 9 | Attorneys for Plaintiffs and Counter Claimants. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust,<br><br>    Plaintiffs,<br><br>  v.<br><br>THEODORE BROWN & PARTNERS, INC.<br><br>    Defendant. | Case No. 07-05473-CRB<br><br>**ANSWER OF PLAINTIFFS AND COUNTER CLAIMANTS RAYMOND BREGANTE AND JEFFREY M. WHITE AS TRUSEES OF THE MICHAEL W. ROVENS AND ELISE D. SHANFELD IRREVOCABLE TRUST TO THEODORE BROWN & PARTNERS, INC.'S COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT** |
| THEODORE BROWN & PARTNERS, INC.,<br><br>    Counter Claimant,<br><br>  v.<br><br>LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise Shanfeld irrevocable Trust, ORLANDO DIAZ-ASCUY DESIGNS, INC., WILLIAM G. WALTERS, dba WALTERS | |

ARCHITECTS, and WHITEHOUSE BUILDERS

                Counter Defendants.

        Counter Defendant Raymond Bregante and Jeffrey M. White as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust ("the Trust"), in responding to the Theodore Brown & Partners, Inc.'s ("TBP") Counterclaim for Copyright Infringement ("Counterclaim") admit, deny and allege as follows:

        1.     The Trust admits the allegations contained in Paragraph 1.

        2.     The Trust denies each and every allegation contained in Paragraph 2, except that the Trust admits that TBP has pled facts that if true are sufficient to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and (b).

        3.     The Trust is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies the same, except that the Trust admits that this Court has personal jurisdiction over the Trust, that the Trust is domiciled within this judicial district and that the Trust has consented to jurisdiction by filing the underlying action.

        4.     The Trust admits the allegations contained in Paragraph 4.

        5.     The Trust admits the allegations contained in Paragraph 5.

        6.     The Trust is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies the same.

        7.     The Trust admits the allegations contained in Paragraph 7.

        8.     The Trust denies each and every allegation contained in Paragraph 8, except that the Trust admits that Plaintiff Jeffrey White is a resident of San Francisco, California and Plaintiff Raymond Bregante is a resident of Marin County, California.

        9.     The Trust is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies the same.

        10.    The Trust is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies the same.

11.    The Trust is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the same.

12.    The Trust is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the same.

13.    The Trust admits the allegations contained in Paragraph 13.

14.    The Trust is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore deny the same, except that the Trust admits that in June of 2006, TBP was retained by Roberto Salazar to draft and prepare architectural drawings and plans for the Four Seasons Apartment.

15.    The Trust denies each and every allegation contained in Paragraph 15.

16.    The Trust is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies the same.

17.    The Trust admits the allegations contained in Paragraph 17.

18.    The Trust denies each and every allegation contained in Paragraph 18, except that the Trust admits that the Rovens retained Whitehouse Builders for construction services in remodeling of the Four Seasons Apartment.

19.    The Trust denies each and every allegation contained in Paragraph 19, except that the Trust admits on or about August 23, 2007, TBP sent ODAD a cease and desist letter.

20.    The Trust denies each and every allegation contained in Paragraph 20, except that the Trust admits that on or about October 8, 2007, TBP sent a cease and desist letter to Walters Architects.

21.    The Trust denies each and every allegation contained in Paragraph 21, except that the Trust admits that on or about October 8, 2007 TBP send a cease and desist letter to Whitehouse Builders.

22.    The Trust admits the allegations contained in Paragraph 22.

23.    The Trust hereby incorporates the statements of the foregoing paragraphs 1-22 in response to the allegations contained in Paragraph 23.

24.    The Trust denies each and every allegation contained in Paragraph 24.

25. The Trust denies each and every allegation contained in Paragraph 25.

26. The Trust denies each and every allegation contained in Paragraph 26.

27. The Trust denies each and every allegation contained in Paragraph 27.

28. The Trust hereby incorporates the statements of the foregoing paragraphs 1-27 in response to the allegations contained in Paragraph 28.

29. The Trust denies each and every allegation contained in Paragraph 29.

30. The Trust denies each and every allegation contained in Paragraph 30.

31. Answering the prayer, the Trust denies each and every allegation contained therein and deny that TBP is entitled to any relief sought or any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate, distinct affirmative defenses to the Counterclaim and its causes of action, the Trust alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. As a first separate affirmative defense, and not to be construed as an admission, the Trust alleges that the Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. As a second separate affirmative defense, and not to be construed as an admission, the Trust alleges that TBP does not have standing to assert the causes of action alleged in the Counterclaim.

### THIRD AFFIRMATIVE DEFENSE

3. As a third separate affirmative defense, and not to be construed as an admission, the Trust alleges that TBP has waived any rights arising from the alleged acts or omissions of the Trust.

### FOURTH AFFIRMATIVE DEFENSE

4. As a fourth separate affirmative defense, and not to be construed as an admission, the Trust alleges that TBP is estopped to complain of any acts or omissions of the Trust.

### FIFTH AFFIRMATIVE DEFENSE

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

-4-

ANSWER TO COUNTERCLAIM
(CASE NO. 07-05473-CRB)

5.   As a fifth separate affirmative defense, and not to be construed as an admission, the Trust alleges that TBP is barred by laches from pursuing any remedy otherwise afforded to it.

### SIXTH AFFIRMATIVE DEFENSE

6.   As a sixth separate affirmative defense, and not to be construed as an admission, the Trust allege that TBP is barred by unclean hands from pursuing any remedy otherwise afforded to it.

### SEVENTH AFFIRMATIVE DEFENSE

7.   As a seventh separate affirmative defense, and not to be construed as an admission, the Trust alleges that all of the acts of the Trust, or its agents, alleged in the Counterclaim were justified.

### EIGHTH AFFIRMATIVE DEFENSE

8.   As an eighth separate affirmative defense, and not to be construed as an admission, the Trust alleges that TBP failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

9.   As a ninth separate affirmative defense, and not to be construed as an admission, the Trust alleges that TBP does not own the trademarks and copyrights in the underlying works upon which TBP's causes of action are based.

### TENTH AFFIRMATIVE DEFENSE

10.   As a tenth separate affirmative defense, and not to be construed as an admission, the Trust alleges that TBP's architectural plans as defined in the Counterclaim lack sufficient authorship and/or creativity to support the Copyright Registration asserted by TBP against the Trust.

### ELEVENTH AFFIRMATIVE DEFENSE

11.   As an eleventh separate affirmative defense, and not to be construed as an admission, the Trust alleges that TBP's claims are barred by implied license.

### TWELFTH AFFIRMATIVE DEFENSE

12.   As a twelfth separate affirmative defense, and not to be construed as an admission, the Trust alleges that TBP's claims are barred by the express agreements of the parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As a thirteenth separate affirmative defense, and not to be construed as an admission, the Trust alleges that TBP's claims are barred by transfer of ownership.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. As a fourteenth separate affirmative defense, and not to be construed as an admission, the Trust alleges that TBP's claims are barred by consent.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. As a fifteenth affirmative defense, and not to be construed as an admission, the Trust alleges that TBP's claims are barred by acquiescence.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. As a sixteenth affirmative defense, and not to be construed as an admission, the Trust alleges that TBP's claims are barred by fair use.

## ADDITIONAL AFFIRMATIVE DEFENSES

17. The Trust reserves the right to assert additional affirmative defenses as discovery and analysis progress.

## PRAYER

The Trust prays judgment:

1. That TBP take nothing by its Counterclaim in this action.
2. That judgment be entered for the Trust in this action.
3. That the Trust be awarded its reasonable attorney fees.
4. That the Trust be awarded its costs of suit.
5. That the Trust be granted any and all other relief to which it may be justly entitled.

Dated: January 24, 2008                                    FOLGER LEVIN & KAHN LLP


/s/ Kevin P. O'Brien
Kevin P. O'Brien
kobrien@flk.com
Attorneys for Plaintiffs and Counter Claimants

72015\2004\584100.1