FOLGER LEVIN & KAHN LLP
Michael F. Kelleher (CSB No. 165493, mkelleher@flk.com)
Julie L. Fieber (CSB No. 202857, jfieber@flk.com)
Kevin P. O'Brien (CSB No. 215148, kobrien@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

BREALL & BREALL
Joseph M. Breall (CSB No. 124329, jmbreall@breallaw.com)
1255 Post Street, Suite 800
San Francisco, CA 94109
Telephone: (415) 345-0545

Attorneys for Plaintiffs and Counter Claimants.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust,<br><br>Plaintiffs,<br><br>v.<br><br>THEODORE BROWN & PARTNERS, INC.<br><br>Defendant. | Case No. 07-05473-CRB<br><br>**ANSWER OF COUNTER CLAIMANT ORLANDO DIAZ-AZCUY DESIGN ASSOCIATES TO THEODORE BROWN & PARTNERS, INC.'S COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT** |
| THEODORE BROWN & PARTNERS, INC.,<br><br>Counter Claimant,<br><br>v.<br><br>LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise Shanfeld irrevocable Trust, ORLANDO DIAZ-ASCUY DESIGNS, INC., WILLIAM G. WALTERS, dba WALTERS | |

1  ARCHITECTS, and WHITEHOUSE
   BUILDERS
2
           Counter Defendants.
3

4       Counter Defendant Orlando Diaz-Azcuy Design Associates ("ODADA"), mistakenly

5  named in the Counterclaim for Copyright Infringement ("Counterclaim") as Orlando Diaz-Azcuy

6  Designs, Inc, in responding to Theodore Brown & Partners, Inc.'s ("TBP") Counterclaim admits,

7  denies and alleges as follows:

8       1.      ODADA admits the allegations contained in Paragraph 1.

9       2.      ODADA denies each and every allegation contained in Paragraph 2, except that

10 ODADA admits that TBP has pled facts that if true are sufficient to establish subject matter

11 jurisdiction pursuant to 28 U.S.C. § 1338(a) and (b).`

12      3.      ODADA is without knowledge sufficient to form a belief as to the truth of the

13 allegations contained in Paragraph 3 and therefore denies the same, except that ODADA admits

14 that this Court has personal jurisdiction over ODADA and that ODADA is located in and is doing

15 business within this judicial district.

16      4.      ODADA admits the allegations contained in Paragraph 4.

17      5.      ODADA admits the allegations contained in Paragraph 5.

18      6.      ODADA is without knowledge sufficient to form a belief as to the truth of the

19 allegations contained in Paragraph 6 and therefore denies the same.

20      7.      ODADA is without knowledge sufficient to form a belief as to the truth of the

21 allegations contained in Paragraph 7 and therefore denies the same.

22      8.      ODADA is without knowledge sufficient to form a belief as to the truth of the

23 allegations contained in Paragraph 8 and therefore denies the same.

24      9.      ODADA denies each and every allegation contained in Paragraph 9, except that

25 ODADA, mistakenly named in the Counterclaim as Orlando Diaz-Azcuy Designs, Inc., admits

26 that ODADA is a California Corporation with its headquarters and principal place of business

27 located at 201 Post Street, San Francisco, CA.

28

10. ODADA is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies the same.

11. ODADA is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the same.

12. ODADA is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the same.

13. ODADA is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies the same.

14. ODADA is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies the same.

15. ODADA is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies the same.

16. ODADA is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies the same.

17. ODADA admits the allegations contained in Paragraph 17.

18. ODADA denies each and every allegation contained in Paragraph 18, except that ODADA admits that Plaintiffs retained Whitehouse Builders for construction services in remodeling of the Four Seasons Apartment.

19. ODADA denies each and every allegation contained in Paragraph 19, except that ODADA admits that on or about August 23, 2007, TBP sent ODADA a cease and desist letter.

20. ODADA is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies the same.

21. ODADA is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies the same.

22. ODADA is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies the same.

23. ODADA hereby incorporates the statements of the foregoing paragraphs 1-22 in response to the allegations contained in Paragraph 23.

24. ODADA denies each and every allegation contained in Paragraph 24.

25. ODADA denies each and every allegation contained in Paragraph 25.

26. ODADA denies each and every allegation contained in Paragraph 26.

27. ODADA denies each and every allegation contained in Paragraph 27.

28. ODADA hereby incorporates the statements of the foregoing paragraphs 1-27 in response to the allegations contained in Paragraph 28.

29. ODADA denies each and every allegation contained in Paragraph 29.

30. ODADA denies each and every allegation contained in Paragraph 30.

31. Answering the prayer, ODADA denies each and every allegation contained therein and denies that TBP is entitled to any relief sought or any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate, distinct affirmative defenses to the Counterclaim and its causes of action, ODADA alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. As a first separate affirmative defense, and not to be construed as an admission, ODADA alleges that the Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. As a second separate affirmative defense, and not to be construed as an admission, ODADA alleges that TBP does not have standing to assert the causes of action alleged in the Counterclaim.

### THIRD AFFIRMATIVE DEFENSE

3. As a third separate affirmative defense, and not to be construed as an admission, ODADA alleges that TBP has waived any rights arising from the alleged acts or omissions of ODADA.

### FOURTH AFFIRMATIVE DEFENSE

4. As a fourth separate affirmative defense, and not to be construed as an admission, ODADA alleges that TBP is estopped to complain of any acts or omissions of ODADA.

### FIFTH AFFIRMATIVE DEFENSE

5.  As a fifth separate affirmative defense, and not to be construed as an admission, ODADA alleges that TBP is barred by laches from pursuing any remedy otherwise afforded to it.

### SIXTH AFFIRMATIVE DEFENSE

6.  As a sixth separate affirmative defense, and not to be construed as an admission, ODADA allege that TBP is barred by unclean hands from pursuing any remedy otherwise afforded to it.

### SEVENTH AFFIRMATIVE DEFENSE

7.  As a seventh separate affirmative defense, and not to be construed as an admission, ODADA alleges that all of the acts of ODADA, or its agents, alleged in the Counterclaim were justified.

### EIGHTH AFFIRMATIVE DEFENSE

8.  As an eighth separate affirmative defense, and not to be construed as an admission, ODADA alleges that TBP failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

9.  As a ninth separate affirmative defense, and not to be construed as an admission, ODADA alleges that TBP does not own the trademarks and copyrights in the underlying works upon which TBP's causes of action are based.

### TENTH AFFIRMATIVE DEFENSE

10.  As a tenth separate affirmative defense, and not to be construed as an admission, ODADA alleges that TBP's architectural plans as defined in the Counterclaim lack sufficient authorship and/or creativity to support the Copyright Registration asserted by TBP against ODADA.

### ELEVENTH AFFIRMATIVE DEFENSE

11.  As an eleventh separate affirmative defense, and not to be construed as an admission, ODADA alleges that TBP's claims are barred by implied license.

### TWELFTH AFFIRMATIVE DEFENSE

12.  As a twelfth separate affirmative defense, and not to be construed as an admission, ODADA alleges that TBP's claims are barred by the express agreements of the parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. As a thirteenth separate affirmative defense, and not to be construed as an admission, ODADA alleges that TBP's claims are barred by transfer of ownership.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. As a fourteenth separate affirmative defense, and not to be construed as an admission, ODADA alleges that TBP's claims are barred by consent.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. As a fifteenth affirmative defense, and not to be construed as an admission, ODADA alleges that TBP's claims are barred by acquiescence.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. As a sixteenth affirmative defense, and not to be construed as an admission, ODADA alleges that TBP's claims are barred by fair use.

**ADDITIONAL AFFIRMATIVE DEFENSES**

17. ODADA reserves the right to assert additional affirmative defenses as discovery and analysis progress.

**PRAYER**

ODADA prays for judgment:

1. That TBP take nothing by its Counterclaim in this action.
2. That judgment be entered for ODADA in this action.
3. That ODADA be awarded its reasonable attorney fees.
4. That ODADA be awarded its costs of suit.
5. That ODADA be granted any and all other relief to which it may be justly entitled.

Dated: January 24, 2008                    FOLGER LEVIN & KAHN LLP

/s/ Kevin P. O'Brien
Kevin P. O'Brien
kobrien@flk.com
Attorneys for Plaintiffs and Counter Claimants

72015\2004\584087.1