FOLGER LEVIN & KAHN LLP
Michael F. Kelleher (CSB No. 165493, mkelleher@flk.com)
Julie L. Fieber (CSB No. 202857, jfieber@flk.com)
Kevin P. O'Brien (CSB No. 215148, kobrien@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiffs and Counter Claimants.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust,

Plaintiffs,

v.

THEODORE BROWN & PARTNERS, INC.

Defendant.

THEODORE BROWN & PARTNERS, INC.,

Counter Claimant,

v.

LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise Shanfeld irrevocable Trust, ORLANDO DIAZ-ASCUY DESIGNS, INC., WILLIAM G. WALTERS, dba WALTERS ARCHITECTS, and WHITEHOUSE BUILDERS

Case No. 07-05473-CRB

**ANSWER OF COUNTER CLAIMANT WILLIAM G. WALTERS, DBA WALTERS ARCHITECTS, TO THEODORE BROWN & PARTNERS, INC.'S COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT**

Counter Defendants.

Counter Defendant William G. Walters, dba Walters Architects ("Walters"), in responding to Theodore Brown & Partners, Inc.'s ("TBP") Counterclaim for Copyright Infringement ("Counterclaim") admits, denies and alleges as follows:

1. Walters admits the allegations contained in Paragraph 1.

2. Walters denies each and every allegation contained in Paragraph 2, except that Walters admits that TBP has pled facts that if true are sufficient to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and (b).

3. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies the same, except that Walters admits that this Court has personal jurisdiction over Walters and that Walters is located in and doing business in this jurisdictional district.

4. Walters admits the allegations contained in Paragraph 4.

5. Walters admits the allegations contained in Paragraph 5.

6. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies the same.

7. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies the same.

8. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies the same.

9. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies the same.

10. Walters admits the allegations contained in Paragraph 10.

11. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the same.

12. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the same.

13. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies the same.

14. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies the same.

15. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies the same.

16. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies the same.

17. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies the same.

18. Walters denies that Plaintiffs retained Walters Architects for architectural and construction services in the remodeling of the Four Seasons Apartment. Walters is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and therefore denies the same.

19. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies the same.

20. Walters denies each and every allegation contained in Paragraph 20, except Walters admits that TBP sent a cease and desist letter to Walters Architects on or about October 8, 2007.

21. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies the same.

22. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies the same.

23. Walters hereby incorporates the statements of the foregoing paragraphs 1-22 in response to the allegations contained in Paragraph 23.

24. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies the same.

25. Walters is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore denies the same.

26. Walters denies each and every allegation contained in Paragraph 26.

27. Walters denies each and every allegation contained in Paragraph 27.

28. Walters hereby incorporates the statements of the foregoing paragraphs 1-27 in response to the allegations contained in Paragraph 28.

29. Walters denies each and every allegation contained in Paragraph 29.

30. Walters denies each and every allegation contained in Paragraph 30.

31. Answering the prayer, Walters denies each and every allegation contained therein and denies that TBP is entitled to any relief sought or any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate, distinct affirmative defenses to the Counterclaim and its causes of action, Walters alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. As a first separate affirmative defense, and not to be construed as an admission, Walters alleges that the Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. As a second separate affirmative defense, and not to be construed as an admission, Walters alleges that TBP does not have standing to assert the causes of action alleged in the Counterclaim.

### THIRD AFFIRMATIVE DEFENSE

3. As a third separate affirmative defense, and not to be construed as an admission, Walters alleges that TBP has waived any rights arising from the alleged acts or omissions of Walters.

### FOURTH AFFIRMATIVE DEFENSE

4. As a fourth separate affirmative defense, and not to be construed as an admission, Walters alleges that TBP is estopped to complain of any acts or omissions of Walters.

### FIFTH AFFIRMATIVE DEFENSE

5. As a fifth separate affirmative defense, and not to be construed as an admission, Walters alleges that TBP is barred by laches from pursuing any remedy otherwise afforded to it.

### SIXTH AFFIRMATIVE DEFENSE

6. As a sixth separate affirmative defense, and not to be construed as an admission, Walters allege that TBP is barred by unclean hands from pursuing any remedy otherwise afforded to it.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a seventh separate affirmative defense, and not to be construed as an admission, Walters alleges that all of the acts of Walters, or his agents, alleged in the Counterclaim were justified.

### EIGHTH AFFIRMATIVE DEFENSE

8. As an eighth separate affirmative defense, and not to be construed as an admission, Walters alleges that TBP failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

9. As a ninth separate affirmative defense, and not to be construed as an admission, Walters alleges that TBP does not own the trademarks and copyrights in the underlying works upon which TBP's causes of action are based.

### TENTH AFFIRMATIVE DEFENSE

10. As a tenth separate affirmative defense, and not to be construed as an admission, Walters alleges that TBP's architectural plans as defined in the Counterclaim lack sufficient authorship and/or creativity to support the Copyright Registration asserted by TBP against Walters.

### ELEVENTH AFFIRMATIVE DEFENSE

11. As an eleventh separate affirmative defense, and not to be construed as an admission, Walters alleges that TBP's claims are barred by implied license.

### TWELFTH AFFIRMATIVE DEFENSE

12. As a twelfth separate affirmative defense, and not to be construed as an admission, Walters alleges that TBP's claims are barred by the express agreements of the parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. As a thirteenth separate affirmative defense, and not to be construed as an admission, Walters alleges that TBP's claims are barred by transfer of ownership.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. As a fourteenth separate affirmative defense, and not to be construed as an admission, Walters alleges that TBP's claims are barred by consent.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. As a fifteenth affirmative defense, and not to be construed as an admission, Walters alleges that TBP's claims are barred by acquiescence.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. As a sixteenth affirmative defense, and not to be construed as an admission, Walters alleges that TBP's claims are barred by fair use.

**ADDITIONAL AFFIRMATIVE DEFENSES**

17. Walters reserves the right to assert additional affirmative defenses as discovery and analysis progress.

**PRAYER**

Walters prays for judgment:

1. That TBP take nothing by its Counterclaim in this action.
2. That judgment be entered for Walters in this action.
3. That Walters be awarded its reasonable attorney fees.
4. That Walters be awarded its costs of suit.
5. That Walters be granted any and all other relief to which it may be justly entitled.

Dated: January 24, 2008                                         FOLGER LEVIN & KAHN LLP

/s/ Kevin P. O'Brien
Kevin P. O'Brien
kobrien@flk.com
Attorneys for Plaintiffs and Counter Claimants

81052\2001\584113.2