FOLGER LEVIN & KAHN LLP
Michael F. Kelleher (CSB No. 165493, mkelleher@flk.com)
Julie L. Fieber (CSB No. 202857, jfieber@flk.com)
Kevin P. O'Brien (CSB No. 215148, kobien@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

BREALL & BREALL
Joseph M. Breall (CSB No. 124329, jmbreall@breallaw.com)
1255 Post Street, Suite 800
San Francisco, CA 94109
Telephone: (415) 345-0545

Attorneys for Plaintiffs and Counter Defendants.

TOBIN & TOBIN
Paul E. Gaspari (CSB No. 76496)
Gregory J. Ryken (CSB No. 58199)
500 Sansome Street, 8th Floor
San Francisco, CA 94111
Telephone: (415) 433-1400
Facsimile: (415)433-3883
Email: pgaspari@tobinlaw.com

Attorneys for Defendant and Cross-Complainant.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust,<br><br>Plaintiffs,<br><br>v.<br><br>THEODORE BROWN & PARTNERS, INC.<br><br>Defendant. | Case No. C 07-05473 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER.**<br><br>Judge: Hon. Charles R. Breyer<br>Date: February 1, 2008<br>Time: 8:30 a.m.<br>Courtroom: 8, 19th Floor |

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT;
CASE NO. C 07-05473 CRB

|   |   |
|---|---|
| 1 | THEODORE BROWN & PARTNERS, INC., |
| 2 |   |
|   | Counter Claimant, |
| 3 |   |
| 4 | v. |
| 5 | LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise Shanfeld irrevocable Trust, ORLANDO DIAZ-ASCUY DESIGNS, INC., WILLIAM G. WALTERS, dba WALTERS ARCHITECTS, and WHITEHOUSE BUILDERS |
| 6 |   |
| 7 |   |
| 8 |   |
| 9 |   |
| 10 | Counter Defendants. |

Pursuant to the "Standing Order for All Judges of the Northern District of California," issued March 1, 2007, the parties to the above-entitled action, Plaintiffs and Counter Defendants LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise Shanfeld irrevocable Trust, (collectively "Plaintiffs" or "Counter Defendants"), ORLANDO DIAZ-ASCUY DESIGN ASSOCIATES, WILLIAM G. WALTERS, dba WALTERS ARCHITECTS, and WHITEHOUSE BUILDERS (collectively "Counter Defendants") and Defendant and Counter Claimant THEODORE BROWN & PARTNERS, INC ("Defendant" or "TBP") submit this Joint Case Management Statement and Proposed Case Management Order and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

1. <u>Jurisdiction and Service</u>:

The Court's jurisdiction over the Plaintiffs' claim is based on 28 U.S.C. §§ 2201 and 2202 and 17 U.S.C. §§ 501, et. seq. The Court's jurisdiction over the Defendant's counterclaim is based on 28 U.S.C. § 1338(a) and (b). Neither party contests personal jurisdiction or venue and all of the parties have been served.

2. <u>Facts</u>:

Plaintiffs LOUIS ROVENS and ADRIENNE ROVENS ("the Rovens") retained Roberto

Salazar and Salazar Designs, Inc. (collectively "Salazar") to oversee and act as the Rovens' designer and agent in a remodel of a Four Seasons Apartment leased by the Rovens from the Michael W. Rovens and Elise Shanfeld irrevocable Trust ("the Project"). As part of this agreement Salazar was entrusted with interviewing and suggesting an architect for the project. Under the agreement Salazar would pass the architect's invoices to Rovens and Rovens would pay the architectural charges.

In June 2006, Salazar, after conferring and obtaining the Rovens agreement, retained TBP to act as the architect for the Project. In October 2006, TBP prepared a set of architectural plans for the Project and provided those plans to the Rovens. In December 2006, the Rovens discharged Salazar and TBP from the Project, and brought an action in state court asserting claims against Salazar and TBP relating to the Project (*Louis Rovens, et al. v. Salazar Designs, Inc., et al.*, San Francisco County Superior Court, Case No. CGC-06-458820).

After discharging Salazar and Defendant TBP, the Rovens retained Counter Defendant Orlando Diaz-Azcuy Design Associates ("ODADA") and Counter Defendant Whitehouse Builders to complete the Project. On August 22, 2007, Defendant TBP registered the architectural plans it prepared for the Project. On August 23, 2007, Defendant sent a letter to ODADA claiming that ODADA's work on the Project infringed TBP's copyright in TBP's plans, and demanding that ODADA cease and desist. On October 8, 2007, TBP sent cease and desist letters to Whitehouse Builders and Counter Defendant Walters Architects. TBP also sent a letter to the Four Season's Homeowners Association informing the HOA that the Rovens had not paid TBP for the plans and that the Rovens remodel Project infringed on TBP's copyright in TBP's plans. On October 26, 2007, Plaintiffs filed this Action for declaratory relief. On December 19, 2007, TBP filed a counterclaim for copyright infringement.

The principal factual disputes between the parties include the following:

    a.    Whether the architectural plans prepared by TBP are entitled to copyright protection;

    b.    Whether the Rovens paid for the use of the plans for their unit;

    c.    Whether the Rovens have a license to use the plans prepared by Defendant;

    d. Whether Rovens and/or their agents copied and/or used the plans prepared by Defendant to complete the project;

    e. Whether Counter Defendants had access to the plans drawn by TBP;

    f. Whether the plans drawn by Defendant are substantially similar to the plans drawn and used by Counter Defendants

    g. Whether Defendant has suffered any cognizable damages; and

    h. What profits have Counter Defendants made that are attributable to the alleged infringement of the plans prepared by Defendant.

  3. <u>Legal Issues</u>:

  The principal disputes between the parties include the following:

    a. Whether the architectural plans prepared by TBP are entitled to copyright protection;

    b. Whether the Rovens have a license to use the plans prepared by TBP; and

    c. Whether Plaintiffs are entitled to the equitable defenses of waiver, estoppel, laches, acquiescence or unclean hands.

  However, at this time, before discovery, the parties cannot identify which additional legal issues will be disputed.

  4. <u>Motions</u>:

  There are no pending motions in this case. The parties are currently discussing whether there are any issues related to Defendant's claims against Counter Defendants Walters and Whitehouse Builders that may be appropriate for resolution by motion on stipulated facts. Both parties anticipate filing motions for summary judgment and/or summary adjudication at or near the close of fact and/or expert discovery.

  5. <u>Amendment of Pleadings</u>:

  While, the parties do not anticipate amending the pleadings to add or dismiss claims or defenses at this time, the parties agree that the deadline for any such amendments should be June 2, 2008.

  6. <u>Evidence Preservation</u>:

1   The parties do not anticipate, at this time, any issues with preservation of evidence.

2   7.    Disclosures:

3   The parties have agreed to complete initial disclosures by February 1, 2008.

4   8.    Discovery:

5   No discovery has taken place to date in this action. Anticipated discovery includes depositions of the parties and their agents, document production and disclosure regarding each parties' project files, contention interrogatories, requests for admission and expert reports and depositions. The parties stipulate to the following proposed discovery plan:

   i.   Plaintiffs are limited to 10 days of deposition (excluding expert depositions);
   ii.  Defendant is limited to 10 days of deposition (excluding expert depositions);
   iii. parties are limited to two rounds of interrogatories – a first round of a maximum of 35 interrogatories and a second round of a maximum of 25 interrogatories;

9.    Class Actions:

N/A

10.   Related Cases:

*Louis Rovens, et al. v. Salazar Designs, Inc., et al.*, San Francisco County Superior Court, Case No. CGC-06-458820.

11.   Relief:

The Plaintiffs seek the entry of judgment declaring that Plaintiffs and Plaintiffs' agents have not infringed any copyright interest of Defendant.

Defendant seeks damages from Counter Defendants under the Copyright Act. At this time, Defendant does not intend to seek preliminary or permanent injunctive relief relating to the Project.

12.   Settlement and ADR:

The prospects for settlement of this case, at this time, are unclear. However, the parties

have agreed to conduct a private mediation before Hon. Charles Legge (Ret.) and are currently discussing scheduling.

13. Consent to Magistrate Judge For All Purposes:

The parties will not consent to a magistrate judge conducting all further proceedings.

14. Other References:

The parties do not believe this case is suitable for any other reference at this time.

15. Narrowing of Issues:

The parties are currently discussing whether resolution of Defendant's claims against Counter Defendants Walters and Whitehouse Builders can be expedited by a motion to be heard on stipulated facts. The parties are not aware, at this time, of any other issues that can be narrowed by agreement or motion and do not, at this time, anticipate any request to bifurcate issues.

16. Expedited Schedule:

The parties do not believe this case should be handled on an expedited schedule.

17. Scheduling:

The parties jointly request the following schedule:

 a. All fact discovery to be completed by September 12, 2008;

 b. Expert reports, if any, due October 3, 2008;

 c. All expert discovery, if any, to be completed by November 7, 2008;

 d. Dispositive motions to be filed by December 5, 2008;

 e. Hearing on dispositive motions on January 9, 2009;

 f. Trial starting on February 2, 2009.

18. Trial:

This case will be a jury trial. The parties expect the trial to last two to three days.

19. Disclosure of Non-party Interested Entities or Persons:

The Plaintiffs and Counter Defendants state that, as of this date, other than the named parties, there are no other interested entities or persons to report.

| | | |
|---|---|---|
| 1 | Dated: January 25, 2008 | FOLGER LEVIN & KAHN LLP |
| 2 | | |
| 3 | | /s/<br>Kevin P. O'Brien<br>Attorneys for |
| 4 | Dated: January 25, 2008 | Plaintiffs and Counter Defendants<br>TOBIN & TOBIN |
| 5 | | |
| 6 | | /s/<br>Paul E. Gaspari |
| 7 | | Attorneys for Defendant and Counter Claimant |

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition, the Court orders:

Plaintiff is ordered to serve a copy of this order on any party subsequently joined in this action.

IT IS SO ORDERED.

_____

District Court Judge

Date: _____

81052\2001\584982.2