FOLGER LEVIN & KAHN LLP
Michael F. Kelleher (CSB No. 165493, mkelleher@flk.com)
Julie L. Fieber (CSB No. 202857, jfieber@flk.com)
Kevin P. O'Brien (CSB No. 215148, kobien@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

BREALL & BREALL
Joseph M. Breall (CSB No. 124329, jmbreall@breallaw.com)
1255 Post Street, Suite 800
San Francisco, CA 94109
Telephone: (415) 345-0545

Attorneys for Plaintiffs and Counter Defendants.

TOBIN & TOBIN
Paul E. Gaspari (CSB No. 76496)
Gregory J. Ryken (CSB No. 58199)
500 Sansome Street, 8th Floor
San Francisco, CA 94111
Telephone: (415) 433-1400
Facsimile: (415)433-3883
Email: pgaspari@tobinlaw.com

Attorneys for Defendant and Cross-Complainant.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust,<br><br>  Plaintiffs,<br><br>v.<br><br>THEODORE BROWN & PARTNERS, INC.<br><br>  Defendant. | Case No. C 07-05473 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Judge:** Hon. Charles R. Breyer<br>**Date:** April 11, 2008<br>**Time:** 8:30 a.m.<br>**Courtroom:** 8, 19th Floor |

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT;
CASE NO. C 07-05473 CRB

| | |
|---|---|
| 1 | THEODORE BROWN & PARTNERS, INC., |
| 2 | |
| 3 | Counter Claimant, |
| 4 | v. |
| 5 | LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and |
| 6 | JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise Shanfeld |
| 7 | irrevocable Trust, ORLANDO DIAZ-ASCUY DESIGNS, INC., WILLIAM G. |
| 8 | WALTERS, dba WALTERS ARCHITECTS, and WHITEHOUSE |
| 9 | BUILDERS |
| 10 | Counter Defendants. |

Pursuant to Civ. L.R. 16-10(d), the parties to the above-entitled action, Plaintiffs and Counter Defendants LOUIS ROVENS, ADRIENNE ROVENS, as individuals, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise Shanfeld irrevocable Trust, (collectively "Plaintiffs" or "Counter Defendants"), ORLANDO DIAZ-ASCUY DESIGN ASSOCIATES, WILLIAM G. WALTERS, dba WALTERS ARCHITECTS, and WHITEHOUSE BUILDERS (collectively "Counter Defendants") and Defendant and Counter Claimant THEODORE BROWN & PARTNERS, INC ("Defendant" or "TBP") submit this Joint Case Management Statement.

The parties appeared for a case management conference before the Court on February 1, 2008, and as directed by the Court at that conference, the parties participated in a mediation with the Honorable Charles Legge (ret.) on March 20, 2008. That mediation was not successful.

1. <u>Jurisdiction and Service</u>:

The Court's jurisdiction over the Plaintiffs' claim is based on 28 U.S.C. §§ 2201 and 2202 and 17 U.S.C. §§ 501, et. seq. The Court's jurisdiction over the Defendant's counterclaim is based on 28 U.S.C. § 1338(a) and (b). Neither party contests personal jurisdiction or venue and all of the parties have been served.

2. <u>Facts</u>:

Plaintiffs LOUIS ROVENS and ADRIENNE ROVENS ("the Rovens") retained Roberto Salazar and Salazar Designs, Inc. (collectively "Salazar") to oversee and act as the Rovens' designer and agent in a remodel of a Four Seasons Apartment leased by the Rovens from the Michael W. Rovens and Elise Shanfeld irrevocable Trust ("the Project"). As part of this agreement Salazar was entrusted with interviewing and suggesting an architect for the project. Under the agreement Salazar would pass the architect's invoices to Rovens and Rovens would pay the architectural charges.

In June 2006, Salazar, after conferring and obtaining the Rovens agreement, retained TBP to act as the architect for the Project. In October 2006, TBP prepared a set of architectural plans for the Project and provided those plans to the Rovens. In December 2006, the Rovens discharged Salazar and TBP from the Project, and brought an action in state court asserting claims against Salazar and TBP relating to the Project (*Louis Rovens, et al. v. Salazar Designs, Inc., et al.*, San Francisco County Superior Court, Case No. CGC-06-458820).

After discharging Salazar and Defendant TBP, the Rovens retained Counter Defendant Orlando Diaz-Azcuy Design Associates ("ODADA") and Counter Defendant Whitehouse Builders to complete the Project. On August 22, 2007, Defendant TBP registered the architectural plans it prepared for the Project. On August 23, 2007, Defendant sent a letter to ODADA claiming that ODADA's work on the Project infringed TBP's copyright in TBP's plans, and demanding that ODADA cease and desist. On October 8, 2007, TBP sent cease and desist letters to Whitehouse Builders and Counter Defendant Walters Architects. TBP also sent a letter to the Four Season's Homeowners Association informing the HOA that the Rovens had not paid TBP for the plans and that the Rovens remodel Project infringed on TBP's copyright in TBP's plans. On October 26, 2007, Plaintiffs filed this Action for declaratory relief. On December 19, 2007, TBP filed a counterclaim for copyright infringement.

The principal factual disputes between the parties include the following:

    a.    Whether the architectural plans prepared by TBP are entitled to copyright protection;

    b.    Whether the Rovens paid for the use of the plans for their unit;

      c.    Whether the Rovens have a license to use the plans prepared by Defendant;

      d.    Whether the Rovens and/or their agents copied and/or used the plans prepared by Defendant to complete the project;

      e.    Whether Counter Defendants had access to the plans drawn by TBP;

      f.    Whether the plans drawn by Defendant are substantially similar to the plans drawn and used by Counter Defendants;

      g.    Whether Defendant has suffered any cognizable damages; and

      h.    What profits have Counter Defendants made that are attributable to the alleged infringement of the plans prepared by Defendant.

3. <u>Legal Issues</u>:

The principal disputes between the parties include the following:

      a.    Whether the architectural plans prepared by TBP are entitled to copyright protection;

      b.    Whether the Rovens have a license to use the plans prepared by TBP; and

      c.    Whether Plaintiffs are entitled to the equitable defenses of waiver, estoppel, laches, acquiescence or unclean hands; and

However, at this time, before discovery, the parties cannot identify which additional legal issues will be disputed.

4. <u>Motions</u>:

There are no pending motions in this case. The parties are currently discussing whether there are any issues related to Defendant's claims against Counter Defendants Walters and Whitehouse Builders that may be appropriate for resolution by motion on stipulated facts. Both parties anticipate filing motions for summary judgment and/or summary adjudication at or near the close of fact and/or expert discovery.

5. <u>Amendment of Pleadings</u>:

While, the parties do not anticipate amending the pleadings to add or dismiss claims or defenses at this time, the parties agree that the deadline for any such amendments should be June 2, 2008.

6. <u>Evidence Preservation</u>:

The parties do not anticipate, at this time, any issues with preservation of evidence.

7. <u>Disclosures</u>:

The parties agreed to complete initial disclosures by February 1, 2008. The parties have exchanged initial disclosures.

8. <u>Discovery</u>:

Plaintiff and Counter Defendants have taken part of the deposition of Theodore Brown, the principal of TBP and have served TBP with document production requests. Anticipated additional discovery includes the completion of the deposition of Theodore Brown and depositions of the remaining parties and their agents, additional document production and disclosure regarding each parties' project files, contention interrogatories, requests for admission and expert reports and depositions. The parties stipulate to the following proposed discovery plan:

    i. Plaintiffs are limited to 10 days of deposition (excluding expert depositions);

    ii. Defendant is limited to 10 days of deposition (excluding expert depositions);

    iii. parties are limited to two rounds of interrogatories – a first round of a maximum of 35 interrogatories and a second round of a maximum of 25 interrogatories;

9. <u>Class Actions</u>:

N/A

10. <u>Related Cases</u>:

The related state court case, *Louis Rovens, et al. v. Salazar Designs, Inc., et al.*, San Francisco County Superior Court, Case No. CGC-06-458820, has been stayed as a result of Roberto Salazar and Salazar Designs, Inc. filing for bankruptcy protection.

11. <u>Relief</u>:

The Plaintiffs seek the entry of judgment declaring that Plaintiffs and Plaintiffs' agents

1  have not infringed any copyright interest of Defendant.

2  Defendant seeks damages from Counter Defendants under the Copyright Act. At this
3  time, Defendant does not intend to seek preliminary or permanent injunctive relief relating to the
4  Project.

5  12.  Settlement and ADR:

6  The parties participated in a private mediation before Hon. Charles Legge (Ret.) on March
7  20, 2008. The mediation did not result in a settlement. The parties do not believe that further
8  mediation or ADR will be productive at this time.

9  13.  Consent to Magistrate Judge For All Purposes:

10 The parties will not consent to a magistrate judge conducting all further proceedings.

11 14.  Other References:

12 The parties do not believe this case is suitable for any other reference at this time.

13 15.  Narrowing of Issues:

14 The parties are currently discussing whether resolution of Defendant's claims against
15 Counter Defendants Walters and Whitehouse Builders can be expedited by a motion to be heard
16 on stipulated facts. The parties are not aware, at this time, of any other issues that can be
17 narrowed by agreement or motion and do not, at this time, anticipate any request to bifurcate
18 issues.

19 16.  Expedited Schedule:

20 The parties do not believe this case should be handled on an expedited schedule.

21 17.  Scheduling:

22 The parties jointly request the following schedule:

23   a.  All fact discovery to be completed by November14, 2008;
24   b.  Expert reports, if any, due December 3, 2008;
25   c.  All expert discovery, if any, to be completed by January 16, 2009;
26   d.  Dispositive motions to be filed by February 5, 2009;
27   e.  Hearing on dispositive motions on March 9, 2009;
28   f.  Trial starting on May 9, 2009.

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-6-

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT;
CASE NO. C 07-05473 CRB

1   18.   Trial:

2   This case will be a jury trial. The parties expect the trial to last two to three days.

3   19.   Disclosure of Non-party Interested Entities or Persons:

4   The Plaintiffs and Counter Defendants state that, as of this date, other than the named

5   parties, there are no other interested entities or persons to report.

Dated: March 28, 2008                               FOLGER LEVIN & KAHN LLP

/s/
Kevin P. O'Brien
Attorneys for
Plaintiffs and Counter Defendants
Dated: March 28, 2008                               TOBIN & TOBIN

/s/
Paul E. Gaspari
Attorneys for Defendant and Counter Claimant

81052\2001\594433.2