FOLGER LEVIN & KAHN LLP
Michael F. Kelleher (CSB No. 165493, mkelleher@flk.com)
Kevin P. O'Brien (CSB No. 215148, kobien@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

BREALL & BREALL
Joseph M. Breall (CSB No. 124329, jmbreall@breallaw.com)
1255 Post Street, Suite 800
San Francisco, CA 94109
Telephone: (415) 345-0545

Attorneys for Plaintiffs and Counter Defendants.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust,<br><br>Plaintiffs,<br><br>v.<br><br>THEODORE BROWN & PARTNERS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTER CLAIMS | Case No. C 07-05473 CRB<br><br>**PLAINTIFFS AND COUNTER DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**<br><br>Judge:     Hon. Charles R. Breyer<br>Date:      June 27, 2008<br>Time:      10:00 a.m.<br>Courtroom: 8, 19th Floor |

**NOTICE OF MOTION**

TO ALL PARTIES AND TO THE IR ATTTORNEYS OF RECORD:

TAKE NOTICE that Plaintiffs and Counter Defendants Louis Rovens and Adrienne Rovens and Raymond Bregante and Jeffrey M. White as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust (collectively the "Rovens Parties") will bring the attached

motion on for hearing before this court on June 27, 2008, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom No. 8 of the United States Courthouse located at 450 Golden Gate Ave., San Francisco, CA 94102.

## RELIEF SOUGHT

The Rovens Parties, plaintiffs and counter defendants in this action, moves for leave to serve a summons and third-party complaint against Salazar Designs LLC, copies of which are attached to this motion as Exhibit A.

## GROUNDS FOR RELIEF

As shown by the supporting papers:

1. Salazar Designs, LLC is or may be liable to the Rovens Parties for all or part of Defendants and Counter Claimant Theodore Brown & Partners, Inc.'s ("TBP's") claim against the Rovens Parties. In particular, if the Rovens Parties sustain any damages as a result of TBP's claims, such damages were caused as a direct result of Salazar Designs, LLC's breach of contract and/or breach of the implied duty of good faith and fair dealing.

2. This motion is made more than 10 days from the date on which the Rovens Parties served their original answer in this case, so leave of court is required under the terms of Rule 14(a) of the Federal Rules of Civil Procedure.

3. Despite the need for leave of court, the Rovens Parties have not unreasonably delayed the brining of this motion. This motion was brought as soon as the Rovens Parties discovered Salazar Designs, LLC's potential breach of contract and/or breach of the implied duty of good faith and fair dealing. Also, this motion could not have been brought any sooner because the Rovens Parties obtained permission to file claims against Salazar Designs, LLC from the bankruptcy court to for the first time on May 20, 2008.

4. Permitting the third-party complaint at this time will not prejudice any party.

5. As the Affidavit of Kevin P. O'Brien shows, prior to filing this motion, counsel for the moving party consulted with the other counsel in this case. This motion is opposed by TBP.

## RECORD OF MOTION

This motion is based on the pleadings and papers on file in this action, this motion, the

attached Notice of Motion and Exhibit A, the accompanying memorandum of points and authorities, the affidavit of Jeffrey M. White, the affidavit of Kevin P. O'Brien and whatever evidence and argument is presented at any hearing on this motion.

Dated: June 6, 2008                     FOLGER LEVIN & KAHN LLP

                                        _____/s/_____
                                        Kevin P. O'Brien
                                        Attorneys for
                                        Plaintiffs and Counter Defendants

81052\2001\604017.1

**EXHIBIT A**

Michael F. Kelleher
Folger Levin & Kahn LLP
Embarcadero Center West
275 Battery St., 23rd Fl.
San Francisco, CA 94111
415-986-2800

# UNITED STATES DISTRICT COURT
### Northern DISTRICT OF CALIFORNIA

| | |
|---|---|
| Louis Rovens, et al. | CASE NUMBER: CV- C 07-05473 CRB |
| v.     Plaintiff(s) | |
| Theodore Brown And Partners Inc. | |
| Defendant(s) | **SUMMONS** (THIRD PARTY) |
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust,  Third-Party Plaintiff(s) v. SALAZAR DESIGNS, LLC   Third-Party Defendant(s) | |

TO:   THE ABOVE-NAMED THIRD-PARTY DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to serve upon  Paul Gaspari, attny for def. & counterclaimant plaintiff's attorney, whose address is Tobin & Tobin, 500 Sansome St., 8th Fl. San Francisco, CA 94111 and upon Mike Kelleher, attny for pltfs & counterdef's and who is attorney for the above named defendant and third-party plaintiff, and whose address is Folger Levin & Kahn, 275 Battery St, 23rd Fl, San Francisco,CA 94111 an answer to the third-party complaint which is herewith served upon you, within 20 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint.  There is also served upon you herewith a copy of the complaint of the plaintiff which you may but are not required to answer.

CLERK, U.S. DISTRICT COURT

Date:                                                      By: _____
                                                                      Deputy Clerk

                                                                   *(Seal of the Court)*

| | |
|---|---|
| 1 | FOLGER LEVIN & KAHN LLP |
|   | Michael F. Kelleher (CSB No. 165493, mkelleher@flk.com) |
| 2 | Kevin P. O'Brien (CSB No. 215148, kobrien@flk.com) |
|   | Embarcadero Center West |
| 3 | 275 Battery Street, 23rd Floor |
|   | San Francisco, CA 94111 |
| 4 | Telephone: (415) 986-2800 |
|   | Facsimile: (415) 986-2827 |
| 5 | |
|   | BREALL & BREALL |
| 6 | Joseph M. Breall (CSB No. 124329, jmbreall@breallaw.com) |
|   | 1255 Post Street, Suite 800 |
| 7 | San Francisco, CA 94109 |
|   | Telephone: (415) 345-0545 |
| 8 | |
|   | Attorneys for Plaintiffs, Counter-Defendants and Third-Party Plaintiffs |
| 9 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust,<br><br>Plaintiffs,<br><br>v.<br><br>THEODORE BROWN & PARTNERS, INC.<br><br>Defendant.<br><br>THEODORE BROWN & PARTNERS, INC.,<br><br>Counter Claimant,<br><br>v.<br><br>LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise Shanfeld irrevocable Trust, ORLANDO DIAZ-ASCUY DESIGNS, INC., WILLIAM G. WALTERS, dba WALTERS | Case No. 07-05473-CRB<br><br>The Honorable Charles R. Breyer<br><br>**THIRD PARTY COMPLAINT FOR IMPLIED CONTRACTUAL INDEMNITY**<br><br>**DEMAND FOR JURY TRIAL** |

|   |   |
|---|---|
| ARCHITECTS, and WHITEHOUSE BUILDERS | |
| Counter Defendants. | |
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust, | |
| Third-Party Plaintiffs, | |
| v. | |
| SALAZAR DESIGNS, LLC | |
| Third-Party Defendant. | |

## THE PARTIES

1. Third-Party Plaintiffs Louis Rovens and Adrienne Rovens (collectively "the Rovens") are individuals who were at all relevant times residing in San Francisco, California.

2. Third-Party Plaintiffs Raymond Bregante and Jeffrey M. White are among the trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust dated June 5, 2006 (the "Trust"), a valid and existing California trust. Mr. White has resided in San Francisco, California, and Mr. Bregante has resided in Marin County, California at all relevant times.

3. Upon information and belief, Third-Party Defendant Salazar Designs, LLC is a California limited liability corporation with its principle place of business in San Francisco, California and is the successor in interest to Salazar Designs, Inc., which is and was a California corporation with its principle place of business in San Francisco, California.

4. Upon information and belief, Third-Party Defendant Salazar Designs, LLC ("Salazar Designs") is a mere continuation of Salazar Designs, Inc and is, thus, the successor in interest for Salazar Designs, Inc.'s obligations and liabilities. Roberto Salazar, the sole owner and operator of Salazar Designs, Inc. is also the sole owner and operator of Salazar Designs, LLC. Salazar Designs, LLC was formed and/or started operating after Salazar Designs, Inc. and Roberto Salazar filed for bankruptcy. Salazar Designs, LLC, through Roberto Salazar, provides

the same services, serves the same customers and operates the same web site as Salazar Designs, Inc.

5. There exists, and all relevant times existed, a unity of interest and ownership between Roberto Salazar, Salazar Designs, Inc. and Salazar Designs, such that any individuality and separateness between Roberto Salazar, Salazar Designs, Inc. and Salazar Designs has ceased and Salazar Designs is the alter ego of Salazar Designs, Inc. and Roberto Salazar in that Roberto Salazar has complete personal and financial control over the affairs of Salazar Designs, Inc. and Salazar Designs. In addition, Salazar Designs is under-funded and cannot maintain itself in business without the financial control and contributions of Roberto Salazar and Salazar Designs, Inc.

## ALLEGATIONS CONCERNING JURISDICTION AND VENUE

6. This Court has supplemental jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1367(a) because the claims alleged herein are so related to the claims within the original jurisdiction of this Court, which were brought pursuant to the federal copyright laws, 17 U.S.C. §§ 501, et. seq., that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Salazar Designs based upon its presence and conduct in this judicial district.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2) and (c), and 28 U.S.C. § 84 because Third-Party Plaintiffs and Third-Party Defendant are subject to personal jurisdiction in this district and a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

9. On or about June 2006, the Rovens purchased a condominium at the Four Seasons Residences in San Francisco, California (the "Four Seasons Apartment") with the intention of remodeling the apartment to serve as the Rovens' residence. Both for estate planning purposes and due to their advancing age, the Rovens created the Trust to hold the property and named Raymond Bregante and Jeffrey M. White among of the trustees. The Trust leases the Four

Seasons Apartment to the Rovens in exchange for their payment of the remodeling construction, taxes, fees, and upkeep.

10. In June 2006, the Rovens and Salazar Designs entered a written contract for Salazar Designs services that was documented through several emails exchanged between the Rovens and Salazar and that included an email Salazar sent to Lou Rovens on June 3, 2006, a true and correct copy of which is attached hereto as Exhibit A. Pursuant to the terms of their written contract, Salazar Designs was to act as the Rovens' representative and oversee the design and development of the interior floor plan for the remodeling of the Rovens' Four Seasons Apartment (the "Project"). As part of this contract, Salazar Designs agreed to interview and hire a licensed and accredited architectural firm on an hourly basis to develop "any/all documents/permits that may be required to start work [on the Project], as approved by owners." While the contract provided that Salazar Designs would pay the architectural firm's hourly fees, the Rovens were to reimburse Salazar Designs for all such charges as they were incurred. It was the Rovens' intent and understanding that in return for Salazar's fees and the hourly fees required for architectural services, the Rovens would be provided and have an implied license to use all of the documents, plans and drawings prepared for the Project.

11. On or about June 5, 2006, Salazar Designs, acting as the representative of the Rovens, entered a contract with Defendant and Counter-Claimant Theodore Brown Partners, Inc. ("TBP") whereby TBP was to prepare architectural drawings for the Project. The express terms of Salazar Designs' contract with TBP, which were known to the Rovens, purported to provide that TBP would be compensated on an hourly basis, that TBP could be terminated with or without cause and that, upon termination, TBP would only be entitled to compensation for services performed up to the date of termination.

12. From about June 2006 to about December 2006, the Rovens worked with Salazar Designs to plan the remodel. As a starting point for planning, the Rovens provided Salazar Designs with floor plans for the pre-remodel Four Seasons Apartment, and Salazar Designs provided these floor plans to TBP. In meetings with Salazar Designs, the Rovens described their preferences for their residence and agreed with Salazar Designs on design elements that would

meet those preferences. The Rovens and Salazar Designs planned to retain much of the existing layout of the Four Seasons Apartment as shown in the pre-remodel floor plans, and these instructions were given to TBP for the preparation of remodel plans.

13. In about October 2006, TBP prepared a set of initial but incomplete plans for the Project (the "TBP Plans") that were provided to the Rovens. Much of the TBP Plans were not original in that the TBP Plans incorporated pre-existing physical characteristics of the pre-remodel layout of the Four Seasons Apartment. The TBP Plans also used other standard and common architectural elements such as an octagonal entryway to satisfy the preferences of the Rovens.

14. At all times, the Rovens performed their obligations under the June 3, 2006 contract with Salazar Designs. The Rovens made substantial payments to Salazar Designs on the Project, including amounts to be paid to TBP for preparation of the TBP Plans.

15. In or about December 2006, the Rovens discovered that Salazar Designs had breached its contract with the Rovens and defrauded the Rovens in several ways, including by overcharging for materials. The Rovens also learned that TBP had failed to competently advise Salazar Designs, and that TBP had failed to complete the TBP Plans in a timely manner. Due to these discoveries, the Rovens discharged Salazar Designs and TBP. On December 18, 2006, the Rovens filed a complaint against Salazar Designs, TBP and other defendants in San Francisco Superior Court. The Trust has also filed a cross-complaint against Salazar Designs and others in the state court litigation. That litigation is ongoing.

16. After discharging Salazar Designs and TBP, the Rovens retained Orlando Diaz-Azcuy Design Associates ("ODADA") to replace Salazar Designs as the interior designer on the Project. ODADA worked with the Rovens to prepare new designs and plans for the Project (the "ODADA Plans"). With ODADA's assistance, the Rovens sought to complete the remodel to meet their preferences and to use expensive components such as stone flooring that had already been purchased.

17. By letter dated August 23, 2007, TBP wrote to ODADA claiming that ODADA was "using" TBP's design. In the letter, TBP asserted that the "drawings, designs and layouts for

the Rovens residence at 765 Market Street, unit 32A [the Four Seasons Apartment], have been registered with the Library of Congress, and any infringement of this copyright shall be prosecuted to the full extent allowed by Federal law. Penalties arising from this copyright infringement can adversely affect your firm and can undermine any and all proposed construction associated with the infringement."

18. In a letter dated October 8, 2007, TBP wrote to William Walters of Walters Architects claiming that the TBP Plans were copyrighted, and that "any infringement of this copyright will be prosecuted to the full extent allowed by Federal law. Penalties arising from this copyright infringement can adversely affect you and your license." TBP also claimed that Walters had violated architectural professional conduct rules by copying the layout of the TBP Plans and was subject to disciplinary action.

19. In a letter dated October 8, 2007, TBP wrote to Ken Paige, president of the Four Seasons Residences Homeowners association, asserting that

> It has come to our attention that Mr. and Mrs. Lou Rovens of Unit 32A have begun construction for the renovation of their unit. Please be advised that the Rovens are in the middle of a contested litigation case. We believe there has been an infringement of our copyrighted architectural design layout, as originally rendered by Theodore Brown & Partners, Inc.
>
> The Rovens have not paid for our architectural services rendered in 2006. However, when we recently had an opportunity to review their new construction documents prepared by another firm, we found that they are our copyrighted design [sic].
>
> Therefore, we are currently investigating the possibility of seeking a court injunction to stop construction until the copyright issues can be resolved.

20. In a letter dated October 8, 2007, TBP wrote to Neil Whitehouse of Whitehouse Builders, asserting that

> you may be infringing on our copyright by copying, distributing and using plans of our copyrighted design layout, as originally rendered by Theodore Brown &Partners, Inc., for a project in unit 32A of the Four Seasons at 765 Market Street.
>
> We have informed Orlando Diaz, William Walters (of Walters Architects), and the president of the Four Seasons Residences Homeowners Association that our drawings, designs and layouts for the Rovens residence have been registered with the Library of

> Congress, and any infringement of this copyright will be prosecuted to the full extent allowed by Federal law. Penalties arising from this copyright infringement may adversely affect your firm and can undermine any and all proposed construction associated with the infringement.
>
> We are currently investigating the possibility of seeking a court injunction to stop construction until the copyright infringement issues can be resolved.

21. On or about December 19, 2007, TBP filed a Counterclaim for Copyright Infringement against the Rovens, the Trust, ODADA, Whitehouse Builders and William Walters to recover damages for copyright infringement pursuant to 17 U.S.C. § 501 and unfair competition pursuant to 15 U.S.C. § 1125(a).

22. As part of its Counterclaim, notwithstanding the express terms of Salazar Designs' contract with TBP, TBP has asserted that the Rovens do not have an implied license to use the TBP Plans, that TBP's contract with Salazar Designs required the Rovens to retain TBP until the completion of the Project in order to use the TBP Plans and that TBP and Salazar Designs had an agreement that TBP would be entitled to payment of an additional licensing fee for the TBP Plans if TBP was terminated before the completion of the project.

23. The written contract between the Rovens and Salazar Designs authorized and required Salazar Designs to hire an architect on an hourly basis to prepare and provide to the Rovens any and all plans and drawings necessary for the Project. To the extent that Salazar Designs' agreement with TBP did not provide the Rovens with an implied license to use TBP's plans, provided that TBP would be retained until the conclusion of the Project or provided that TBP would be entitled to a licensing fee if terminated before the conclusion of the project, Salazar Designs acted without authorization and breached its agreement to the Rovens.

24. The express purpose of the June 3, 2006 contract between the Rovens and Salazar Designs was to develop any and all plans and drawings that the Rovens needed for the Project. To the extent that Salazar Designs concealed from the Rovens the true terms of Salazar Designs' agreement with TBP in order to provide TBP with terms that allowed TBP to prevent the Rovens from using the TBP Plans, Salazar Designs frustrated the purpose of the June 3, 2006 contract and, thus, breached the implied duty of good faith and fair dealing included in that agreement.

## FIRST CLAIM FOR IMPLIED CONTRACTUAL INDEMNITY

25. Third-Party Plaintiffs re-allege and incorporate by reference paragraphs 1 through 24 as though fully stated herein.

26. If Third-Party Plaintiffs or any of the Counter-Defendants sustain any damages as a result of TBP's Counterclaim, such damages were caused as a direct result of Salazar Designs' breach of contract and/or breach of the implied duty of good faith and fair dealing as set forth above. Third Party Plaintiffs' liability for these damages arose, not as a result of any actual fault on their part, but solely from Salazar Designs' breaches, which concealed from Third-Party Plaintiffs the terms of TBP's agreement with Salazar Designs.

27. As a result of Salazar Designs' breach of contract and/or breach of the implied duty of good faith and fair dealing, the Rovens have necessarily and reasonably incurred attorney's fees and other legal costs in defense of TBP's Counterclaims and will continue to incur attorney's fees and other legal costs, which in equity and good conscience should be borne by Salazar Designs rather than Third-Party Plaintiffs.

## RELIEF REQUESTED

WHEREFORE, Third-Party Plaintiffs pray for judgment as follows:

1. For a judgment determining the amount that Third-Party Defendant is obligated to indemnify Third-Party Plaintiffs if Third-Party Plaintiffs are compelled to pay any sum as the result of any damages, judgment or other awards recovered by TBP;

2. For attorney's fees and costs incurred in defending and resolving TBP's Counterclaim for Copyright Infringement;

3. For costs of suit, and interest to the time of judgment; and

4. For such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: June 6, 2008                    FOLGER LEVIN & KAHN LLP


                                       _____/s/_____
                                       Michael F. Kelleher
                                       mkelleher@flk.com
                                       Attorneys for Plaintiffs

## JURY DEMAND

Third-Party Plaintiffs hereby demand a trial by jury of all issues triable before a jury.

Dated: June 6, 2008                                FOLGER LEVIN & KAHN LLP


                                                           /s/
                                                   ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                                     Michael F. Kelleher
                                                     mkelleher@flk.com
                                                     Attorneys for Plaintiffs

81052\2001\602188.1

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

-10-

THIRD-PARTY COMPLAINT FOR INDEMNITY
(CASE NO. 07-05473-CRB)

**EXHIBIT A**

**Lou Rovens**

| | |
|---|---|
| From: | Salazardesigns@aol.com [Salazardesigns@aol.com] |
| To: | Lou Rovens |
| Cc: | Salazardesigns@aol.com |
| Subject: | PROPOSAL- 4 Season's Residence |
| Attachments: | |

Sent: Sat 6/3/2006 3:24 PM

Dear Lou and Adrienne,

I am submitting the following proposal for the Architectural Design Phase of you new apartment at the San Francisco, 4-Season's Residences.

PHASE I  -  INTERIOR ARCHITECTURAL DESIGN

Design and develop Interior Floor Plan for entire unit as required.

*This includes the overall layout and or redesign of each area, including all Architectural Design elements and finishes, as requested by owners.

Design development with all parties, contracted to provide any/all documents/permits that may be required to start work, as approved by owners & related to the approved designs provided by Salazar Designs, Inc.

Interview and bid negotiations for any/all contractors considered for the approved designs & interior construction contracts as provided by Salazar Designs, Inc.

These fees are for specifications of any/all items considered "fixed" items, as part of the interior construction of the unit.

Professional Architectural Fees are not covered in this proposal and will be provided by an independent, licensed & accredited Architectural firm, to be billed hourly and paid by Salazar Designs, Inc.
These charges will be billed to the client directly each month as a "reimbursable service fee", without markup by Salazar Designs, Inc.

**Fees & Schedule;**

| | |
|---|---|
| Interior Architectural Design Fee: | $100,00.00 |
| June '06   General Design Development-Interior Floor plans and Interior Architectural details specifications. | *$25,000.00 |
| July '06   Interior Design Review with owners. Budget review and approval. Contractor selection and bidding. | *$25,000.00 |

*Note-   Salazar Designs, Inc agrees to provide entire month of June & July '06 dedicated to the this specific project and not to actively engage in new projects if the fees are paid in advance and in full for those months, as agreed by client, and paid by June 9, 2006.
Salazar Designs, Inc. agrees to extend this agreement for the entire month of August 2006, if client so wishes to do so, and requests it by July 15, 2006. The same fee of $25,000.00 shall secure this month as time that Salazar Designs, Inc. shall not actively engage in new projects.
This agreement shall not be effective past the end of August, 2006, unless mutually agreed between parties.

If the terms of this proposal are agreeable. Please sign, date, and return with payments as per the above schedule.

https://mail4.acpac.com/exchange/lrovens/Inbox/PROPOSAL-%204%20Season%27s%20R...   6/4/2006



I look forward to beginning an exciting new project with your both!

Rob Salazar
SALAZAR DESIGNS, INC.