1    FOLGER LEVIN & KAHN LLP
     Michael F. Kelleher (CSB No. 165493, mkelleher@flk.com)
2    Kevin P. O'Brien (CSB No. 215148, kobien@flk.com)
     Embarcadero Center West
3    275 Battery Street, 23rd Floor
     San Francisco, CA 94111
4    Telephone: (415) 986-2800
     Facsimile: (415) 986-2827
5

6    BREALL & BREALL
     Joseph M. Breall (CSB No. 124329, jmbreall@breallaw.com)
7    1255 Post Street, Suite 800
     San Francisco, CA 94109
8    Telephone: (415) 345-0545

9    Attorneys for Plaintiffs and Counter Defendants.

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13    LOUIS ROVENS, ADRIENNE ROVENS,      Case No. C 07-05473 CRB
     and RAYMOND BREGANTE and
14    JEFFREY M. WHITE as Trustees of the       **MEMORANDUM OF POINTS AND**
     Michael W. Rovens and Elise D. Shanfeld    **AUTHORITIES IN SUPPORT OF**
15    Irrevocable Trust,                        **PLAINTIFFS AND COUNTER**
                                   **DEFENDANTS' MOTION FOR LEAVE TO**
16              Plaintiffs,            **FILE THIRD-PARTY COMPLAINT**

17          v.                                 **Judge:**        **Hon. Charles R. Breyer**
                                   **Date:**         **June 27, 2008**
18    THEODORE BROWN & PARTNERS,       **Time:**         **10:00 a.m.**
     INC.                                   **Courtroom:**   **8, 19th Floor**
19
            Defendant.
20

21    —————————————————————

22    AND RELATED COUNTER CLAIMS

23                      **INTRODUCTION**

24         In response to Theodore Brown & Partners, Inc.'s ("TBP's") claims for copyright

25    infringement, Louis and Adrienne Rovens, individually, and Raymond Bregante and Jeffrey M.

26    White as Trustees of the Michael W. Rovens and Elise Shanfeld Irrevocable Trust (collectively

27    the "Rovens Parties") assert that they have a non-exclusive, implied license to use TBP's plans

28    because those plans were prepared specifically for use on the project to remodel the Rovens'

1   apartment (the "Project") while TBP was under contract with the Rovens Parties' agent, Salazar

2   Designs, Inc.[1]  In recent deposition testimony, however, TBP has countered that TBP's contract

3   with Salazar Designs did not allow the Rovens Parties to use TBP's plans unless the Rovens

4   Parties (1) retained TBP for "contract coordination" services through the completion of the

5   Project or (2) paid TBP a licensing fee in addition to its hourly rates.  If TBP is right and the

6   Rovens Parties are liable for infringement as a result of Salazar Designs' contract with TBP, the

7   Rovens Parties have a right to seek indemnification from Salazar Designs because the Rovens

8   Parties expressly directed Salazar Designs to enter contracts necessary to procure plans that could

9   be used on the Project without limitation.  Accordingly the Rovens Parties seek leave to file a

10  third-party complaint for implied contractual indemnity against Salazar Designs.[2]  The Rovens

11  Parties' motion should be granted for the following three reasons:

12          First, the Rovens Parties' claim for indemnity against Salazar Designs should be

13  adjudicated as part of this action because it is derivative of and related to TBP's claims for

14  copyright infringement and doing so will promote judicial economy, efficiency and consistency.

15          Second, The Rovens Parties' motion could not have been filed earlier because (1) the

16  Rovens Parties only recently obtained clarification from the bankruptcy court and trustee that a

17  claim could be filed against Salazar Designs successor in interest and (2) TBP's reliance on its

18  contract with Salazar Designs to refute the Rovens Parties' implied license defense was only

19  recently revealed in deposition testimony.

20          Third, the Rovens Parties' proposed third-party complaint will not inject new legal issues,

21  require additional discovery or otherwise cause undue prejudice or delay to this proceeding

22  because the meaning of and intent behind the contracts at issue in the third-party complaint—the

23  contract between the Rovens Parties and Salazar Designs and the contract between TBP and

24  Salazar Designs—are already a key aspect of this case.

25          [1] Salazar Designs, LLC ("Salazar Designs"), the putative third-party defendant is the
26  successor in interest to and the continuation of Salazar Designs, Inc. after Salazar Designs, Inc.
    and Roberto Salazar filed for bankruptcy.

27          [2] A copy of the proposed summons and Third-Party Complaint are attached as Exhibit A
    to the Motion for Leave to File Third-Party Complaint filed herewith.

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-2-

MEMO. IN SUPPORT OF MOTION FOR LEAVE TO
FILE THIRD-PARTY COMPLAINT;
CASE NO. C 07-05473 CRB

# FACTUAL BACKGROUND

### A.    The Rovens Parties Retained Salazar Designs To Procure And Develop Plans For The Project.

The Rovens Parties hired Salazar Designs to act as their agent, designer and project manager on the Project.  (Declaration of Jeffrey M. White ("White Decl."), ¶ 3.)  As part of the Rovens Parties' contract with Salazar Designs (the "Rovens/Salazar Agreement"), which is made up of multiple emails exchanged between Roberto Salazar and the Louis Rovens, Salazar Designs agreed to provide the following services and deliverables for the Project:

> Design and develop interior floor plan for entire unit as required.

> *This includes the overall layout and or redesign of each area, including all Architectural Design elements and finishes, as requested by owners.

> Design development with all parties, contracted to provide any/all documents/permits that may be required to start work, as approved by owners & related to the approved designs provided by Salazar Designs, Inc.

(June 3, 2006 Proposal to Lou Rovens ("June 3, 2006 Proposal") [White Decl., Ex. A, ¶ 3].)  To assist Salazar Designs to provide the necessary plans, the Rovens/Salazar Agreement also contemplated retaining the services of a licensed architect on an hourly basis, providing that:

> Professional Architectural Fees are not covered in this proposal and will be provided ay an independent, licensed & accredited Architectural firm, to be billed hourly and paid by Salazar Designs, Inc.

> These charges will be billed to [the Rovens Parties] directly each month as a "reimbursable service fee," without markup by Salazar Designs, Inc.

(*Id.*)

Ultimately, Louis Rovens gave permission to Salazar, as the Rovens Parties' agent, to enter into a contract with TBP.  Based on the these provisions of the Rovens/Salazar Agreement as well as the Rovens Parties' dialog with Salazar Designs, the Rovens Parties understood and expected that in return for paying Salazar Designs' fees and the hourly fees required to pay a licensed architect, the Rovens Parties would be provided with "any/and all documents," including

1   architectural plans, necessary to hire a contractor and commence work on the Project.  (White

2   Decl. at ¶¶ 4 & 5.)

3       **B.     Salazar Designs, As The Rovens Parties' Agent And Project Managers,
              Retained TBP To Provide Architectural Services On An Hourly Basis.**

4

5       In June 2006, acting as the Rovens' agent, Salazar entered into a contract with TBP to

6   provide architectural services for the Project ("TBP/Salazar Agreement").  (June 5, 2006 Proposal

7   To: Mr. Roberto Salazar ("June 5, 2006 Proposal") [attached as Ex. A to the Declaration of Kevin

8   O'Brien ("O'Brien Decl.")].)  TBP's contract provided that TBP would be paid on an hourly

9   basis, plus expenses, "to prepare architectural construction drawings for the [the Rovens']

10  residential unit."  (*Id.*)  The contract also provided that TBP could be terminated with or without

11  cause and that, in the event of termination, TBP would be entitled only to payment for services

12  provided and expenses incurred up to the termination date.  (*Id.*)  The contract did not include any

13  terms providing that Salazar or the Rovens Parties must pay a licensing fee before the Rovens

14  could use TBP's construction drawings on the Project.

15      **C.     The Rovens Terminated Salazar Designs And TBP After Discovery Fraud By
              Salazar Designs And Because TBP Provided The Rovens Only Incomplete
              And Preliminary Construction Drawings.**

16

17      In October 2006, after five months on the Project and after receiving substantial

18  consideration for their work, Salazar Designs and TBP provided the Rovens Parties a set of

19  construction drawings.  (White Decl., ¶ 7)  The drawings, which the Rovens Parties expected

20  would be ready to put out to bid, were preliminary and incomplete.  (*Id.*)  The Rovens Parties also

21  discovered that Salazar had been defrauding the Rovens.[3]  In December 2006, the Rovens Parties

22  discharged TBP and Salazar from the Project.  (*Id.* at ¶¶ 8-10.)

23

24

25      [3] The Rovens' fraud allegations against Salazar, Salazar Designs, Inc. and professional
26  negligence allegations against TBP were raised in a state court action titled *Louis Rovens, et al. v.
    Salazar Designs, Inc., et al.*, San Francisco County Superior Court, Case No. CGC-06-458820.
27  TBP settled with the Rovens and has been dismissed.  The state court litigation with respect to
    Salazar Designs is continuing.

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-4-

MEMO. IN SUPPORT OF MOTION FOR LEAVE TO
FILE THIRD-PARTY COMPLAINT;
CASE NO. C 07-05473 CRB

1

2

**D.     TBP Registered Its Drawings And Threatened To Sue For Copyright Infringement Well After Termination.**

3

After discharging TBP and Salazar, the Rovens retained Orlando Diaz-Azcuy Design

4

Associates ("ODADA") and Whitehouse Builders ("Whitehouse") to complete the Project.  On or

5

about August 2007, Defendant TBP registered the preliminary construction drawings it prepared

6

for the Project with the U.S. Copyright Office.  Between August and October 2007, Defendant

7

sent cease and desist letters to ODADA, Whitehouse Builders and the Four Seasons claiming that

8

the Rovens Parties' work on the Project infringed TBP's copyright.  On October 26, 2007, the

9

Rovens and the Trust filed an action for declaratory relief.  On December 19, 2007, TBP filed a

10

counterclaim for copyright infringement and unfair competition against the Rovens, the Trust,

11

ODADA, Whitehouse and William Walters.

12

**E.     Brown And Salazar Testified That The TBP/Salazar Agreement Did Not Allow The Rovens Parties To Use TBP's Plans On The Project.**

13

During their depositions in this action, Theodore Brown, the principal and managing

14

partner of TBP, testified that, as a result of implied terms in the TBP/Salazar Agreement, which

15

arose from an alleged mutual understanding and course of dealing, the Rovens Parties could not

16

use TBP's plan on the project unless (1) the Rovens Parties retained TBP for "contract

17

coordination" services through the completion of the project or (2) the Rovens Parties paid TBP a

18

licensing fee in addition to TBP's contractual hourly rate.  (February 28, 2008 Deposition of

19

Theodore W. Brown ("Brown Depo."), at 71:16-73:1, 78:4-8, 78:17-22, 94:7-24 [O'Brien Decl.,

20

Ex. B].)  Brown's testimony is contrary to the Rovens Parties' understanding of the TBP/Salazar

21

Agreement that Salazar Designs was directed and authorized to enter pursuant to the

22

Rovens/Salazar Agreement (White Decl., at ¶¶ 4-6.)

23

**F.     The Bankruptcy Court Recently Granted The Rovens Permission To Pursue Claims Against Salazar Designs.**

24

Prior to Brown's deposition in this action, Salazar and Salazar Designs, Inc. filed for

25

bankruptcy protection but continued to do business as a "new" entity, Salazar Designs, LLC.

26

(White Decl., ¶ 12.)  On May 8, 2008, the Rovens Parties obtained relief from the mandatory stay

27

imposed by the bankruptcy court for claims against Salazar Designs, Inc. and authorization from

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-5-

MEMO. IN SUPPORT OF MOTION FOR LEAVE TO
FILE THIRD-PARTY COMPLAINT;
CASE NO. C 07-05473 CRB

1    the Bankruptcy Court and Trustee to pursue actions against the successor entity, Salazar Designs,

2    LLC. (White Decl., ¶ 12.)

3                                      **ARGUMENT**

4    A.      **The Rovens Parties' Third-Party Complaint Is Derivative Of And Related To**

5           **TBP's Copyright Claims And Should Be Adjudicated As Part Of This Case.**

6        Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, and with leave of court,

7    "A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty

8    who is or may be liable to it for all or part of the claim against it." The purpose of this rule is to

9    promote judicial efficiency by eliminating the necessity for the defendant to bring a separate

10    action against a third individual who may be derivatively liable to the defendant for all or part of

11    the plaintiff's original claim and is construed liberally and in favor of allowing filing. *Southwest*

12    *Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986); *Federal Deposit Ins.*

13    *Corp. v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991).

14        The Rovens Parties have a claim for implied contractual indemnity against Salazar

15    Designs that is derivative of and related to TBP's claim for copyright infringement and that will

16    render Salazar Designs liable, in whole or in part, for any damages awarded against the Rovens

17    Parties in this action. *See Sehulster Tunnels/Pre-Con v. Traylor Brothers, Inc/Obayshi Corp.,*

18    111 Cal. App. 4th 1328, 1350 (2003). The Rovens Parties' claim for indemnity against Salazar

19    Designs can and should be resolved as part of this action because doing so will promote

20    efficiency, judicial economy and consistency. *See Federal Deposit Ins. Corp.*, F.R.D. at 274.

21    Salazar Designs' liability to the Rovens Parties depends on the Rovens Parties' liability to TBP

22    and, thus, both claims can be resolved simultaneously. The discovery required for both the

23    Rovens Parties' third party claim and TBP's claim is substantially similar and will have to be

24    done twice if the Rovens Parties are forced to pursue their indemnity claim in a separate action.

25    Also, it is possible that pursuing these related claims in separate courts will result in different and

26    inconsistent rulings on similar issues.

27    B.      **The Rovens Parties Are Seeking To Implead Salazar In A Timely Manner.**

28        The Rovens Parties' claim against Salazar Designs is timely for two reasons: (1) after

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-6-

1    Roberto Salazar and Salazar Designs, Inc. filed for bankruptcy protection, the Rovens Parties

2    needed to obtain relief from the mandatory stay from the bankruptcy court in order to pursue a

3    third-party complaint in this action and (2) the Rovens Parties did not learn of Salazar Design's

4    potential breach of contract until discovery commenced in this action.

5         The Rovens Parties were not previously able to act on their indemnity claims against

6    Salazar Designs because, as of February 2008, Roberto Salazar and Salazar Designs Inc. had filed

7    for bankruptcy.  The Rovens Parties obtained permission from the bankruptcy court to pursue

8    claims against Salazar Designs LLC on May 8, 2008 and this motion was filed shortly thereafter.

9         Moreover, the Rovens Parties did not discover Salazar's potential breach of contract with

10   regarding to the TBP/Salazar Agreement until recent depositions in this action.  The express

11   terms of the TBP/Salazar Agreement support the Rovens Parties' implied license defense and are

12   consistent with the terms of the Rovens/Salazar Agreement.  TBP was to be paid on an hourly

13   basis to prepare plans for the Project, could be terminated at any time and was not entitled to any

14   additional "licensing fee" if the Rovens Parties used TBP's plan on the Project.  The Rovens

15   Parties had no reason to know that TBP would assert that, as a result of an alleged mutual

16   understanding and course of dealing with Salazar Designs, the TBP/Salazar Agreement did not

17   mean what it said.  The Rovens Parties learned of TBP's and Salazar Designs' alleged

18   "understanding," and Salazar Designs' breach of the Rovens/Salazar Agreement, for the first time

19   as a result of the depositions of Brown, on February 28, 2008.

20   **C.    The Addition Of The Rovens Parties' Third-Party Complaint Will Not Cause
         Undue Delay Or Prejudice.**

21

22        While the decision whether to implead a third-party defendant is within the informed

23   discretion of the court, courts "should allow impleader on any colorable claim of derivative

24   liability that will not unduly delay or otherwise prejudice the ongoing proceedings." *Lehman v.*

25   *Revolution Portfolio LLC*, 166 F.3d 389, 393 (1st. Cir. 1999).  Generally, courts disallow third-

26   party complaints only where the theories alleged in that complaint would inject unrelated issues

27   into the case, further complicate the case or "greatly increase both the discovery necessary to

28   bring the case to trial and the length of the trial itself." *Irwin v. Mascott*, 94 F. Supp. 2d 1052,

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW
-7-
MEMO. IN SUPPORT OF MOTION FOR LEAVE TO
FILE THIRD-PARTY COMPLAINT;
CASE NO. C 07-05473 CRB

1    1056 (N.D. Cal. 2000); *see also., Marseilles Hydro Power, LLC v. Marseilles Land And Water*

2    *Co.*, 299 F.3d 643, 650 (7th Cir. 2002) (abuse of discretion to deny third-party action that "falls

3    within general contours limned by Rule 14(a) . . . and will not work unfair prejudice.").

4        In this case, there is very little risk that the addition of the Rovens Parties' claim for

5    indemnity against Salazar Designs will add unrelated legal issues, serve to complicate the case or

6    add any additional discovery burden.  The meaning of and intent behind both the TBP/Salazar

7    Agreement and the Rovens/Salazar Agreement are already part of this case.  For example, TBP

8    has already served and the Rovens Parties have already responded to document production

9    requests seeking the production of "all communications with Salazar related to the Project."

10    Also, Roberto Salazar, who will be a key witness in the case regardless of the addition of the

11    Rovens Parties' Third-Party Complaint, has already been deposed regarding issues related to the

12    relevant contracts.  While the addition of Salazar Designs as a third-party defendant may require

13    some changes to the current trial schedule, given the limited impact the third-party complaint will

14    have on the evidence and issues involved in the case, such a delay, if any, will not materially

15    affect the ability of the parties to prepare for trial.

16                            **CONCLUSION**

17        For the foregoing reasons, the Rovens Parties respectfully request that this Court enter an

18    order granting their motion for leave to file a third-party complaint against Salazar Designs.

19

20    Dated: June 6, 2008            FOLGER LEVIN & KAHN LLP

21

                                     /s/

22                         Kevin P. O'Brien
                        Attorneys for

23                         Plaintiffs and Counter Defendants

24

25    81052\2001\604485.1

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-8-

MEMO. IN SUPPORT OF MOTION FOR LEAVE TO
FILE THIRD-PARTY COMPLAINT;
CASE NO. C 07-05473 CRB