FOLGER LEVIN & KAHN LLP
Michael F. Kelleher (CSB No. 165493, mkelleher@flk.com)
Kevin P. O'Brien (CSB No. 215148, kobien@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

BREALL & BREALL
Joseph M. Breall (CSB No. 124329, jmbreall@breallaw.com)
1255 Post Street, Suite 800
San Francisco, CA 94109
Telephone: (415) 345-0545

Attorneys for Plaintiffs and Counter Defendants.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust,<br><br>Plaintiffs,<br><br>v.<br><br>THEODORE BROWN & PARTNERS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTER CLAIMS | Case No. C 07-05473 CRB<br><br>**DECLARATION OF JEFFREY M. WHITE IN SUPPORT OF PLAINTIFFS AND COUNTER DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**<br><br>Judge:      Hon. Charles R. Breyer<br>Date:        June 27, 2008<br>Time:       10:00 a.m.<br>Courtroom: 8, 19th Floor |

I, Jeffrey M. White, hereby declare and state as follows:

1. I am a trustee of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust (the "Trust") and, in my capacity as trustee, am a party to this action. I have personal, firsthand knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. On or about June 2006, Louis and Adrienne Rovens (the "Rovens") purchased a condominium at the Four Seasons Residences in San Francisco, California ("Four Seasons Apartment"). Both for estate planning purposes and due to their advancing age, the Rovens created the Trust to hold the property. The Trust leases the Four Seasons Apartment to the Rovens in exchange for their payment of the remodeling construction, taxes, fees and upkeep.

3. In June 2006, the Rovens retained Roberto Salazar and Salazar Designs, Inc. (collectively "Salazar") to act as their designer, agent and project manager to oversee an extensive remodel of the Four Seasons Apartment ("the Project"). The Rovens and Salazar entered into a written contract for Salazar's services that was documented through several emails exchanged between the Rovens and Salazar and that included an email Salazar sent to Lou Rovens on June 3, 2006; a true and correct copy of which is attached hereto as Exhibit A.

4. As part of the Rovens' written agreement with Salazar, Salazar agreed to oversee the apartment layout plan, interview and hire an architect, procure plans and specifications from the architect including finishes, and provide the Rovens with a finished set of plans and specifications for bidding.

5. Based on my conversations with both the Rovens and Salazar and the express language of the Rovens' agreement with Salazar it was always my understanding that the Rovens and Salazar intended that as a result of their agreement that the architect was being retained for the benefit of the Rovens. Salazar made clear to me that the architect knew the Rovens were the owners of the property and would be paying the architectural fees and even asked whose name should be on the architect's contract. It was clear that in exchange for payment of the architect's hourly fees through Salazar, Salazar would procure from the architect and provide the Rovens with any and all documents needed to commence work on the Project.

6. I had several conversations with Salazar about the potential for changing architects and whether we could have a new architect complete the plans we paid for. In each conversation he assured me that we had the ability to change architects and have a new architect use the plans. Although he advised against such a move he told me that we had the ability to do so and that this was why he negotiated an hourly contract with a termination provision.

7.    In October 2006, after five months on the Project and after receiving substantial consideration for their work, Salazar Designs and TBP provided the Rovens a set of construction drawings. After putting these drawings out to bid we were advised by general contractors that the drawings were preliminary and incomplete.

8.    Also, in November of 2006, the Rovens and I also began to discover that Salazar had been defrauding the Rovens.

9.    In November I contacted the architects at TBP and inquired whether they would alter the contract to have a direct written contract with the Rovens. Theordore Brown refused to enter into such a contract. I informed him that he was leaving me little choice but to take the plans to another architect to use to complete our project. Mr. Brown never indicated during this conversation that we could not use the plans or that any fee or additional charge would be owed for using the plans for which we had already paid TBP to produce.

10.    In early December 2006, the Rovens discharged TBP and Salazar from the Project.

11.    After discharging TBP and Salazar, the Rovens retained Orlando Diaz-Azcuy Design Associates and Whitehouse Builders to complete the Project.

12.    In or about early February of 2008, I received notice that Salazar and Salazar Designs, Inc. filed for bankruptcy protection. Following their bankruptcy filing, I came to learn that Salazar formed a new entity, Salazar Designs, LLC, and continued doing business that had been done by Salazar Designs, Inc. On May 8, 2008, the Rovens and the Trust obtained leave from the Bankruptcy Court and the Bankruptcy Trustee to continue with the existing State Court claims against Salazar Design, Inc. and to actions against the successor entity Salazar Designs, LLC.

13.    During the depositions of Theodore Brown and Salazar in this action, I learned for the first time that TBP and Salazar were asserting that as a result of alleged implied terms in Salazar's agreement with TBP, which arose from an alleged mutual understanding and course of dealing, the Rovens could not use TBP's plan on the project unless (1) the Rovens retained TBP

1  for "contract coordination" services through the completion of the project or (2) the Rovens paid
2  TBP a licensing fee in addition to TBP's contractual hourly rate.
3        I declare under penalty of perjury under the laws of the United States of America and the
4  State of California that the foregoing is true and correct. Executed this 4th day of June, 2008, at
5  San Francisco, California.

_____
Jeffrey M. White

8  81052\2001\604222.1

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-4-

DECLARATION OF JEFFREY M. WHITE;
CASE NO. C 07-05473 CRB

**EXHIBIT A**

**Lou Rovens**

| | |
|---|---|
| From: | Salazardesigns@aol.com [Salazardesigns@aol.com] |
| To: | Lou Rovens |
| Cc: | Salazardesigns@aol.com |
| Subject: | PROPOSAL- 4 Season's Residence |
| Attachments: | |

Sent: Sat 6/3/2006 3:24 PM

Dear Lou and Adrienne,

I am submitting the following proposal for the Architectural Design Phase of you new apartment at the San Francisco, 4-Season's Residences.

*PHASE I  -  INTERIOR ARCHITECTURAL DESIGN*

Design and develop Interior Floor Plan for entire unit as required.

*This includes the overall layout and or redesign of each area, including all Architectural Design elements and finishes, as requested by owners.

Design development with all parties, contracted to provide any/all documents/permits that may be required to start work, as approved by owners & related to the approved designs provided by Salazar Designs, Inc.

Interview and bid negotiations for any/all contractors considered for the approved designs & interior construction contracts as provided by Salazar Designs, Inc.

These fees are for specifications of any/all items considered "fixed" items, as part of the interior construction of the unit.

Professional Architectural Fees are not covered in this proposal and will be provided by an independent, licensed & accredited Architectural firm, to be billed hourly and paid by Salazar Designs, Inc.
These charges will be billed to the client directly each month as a *reimbursable service fee*, without markup by Salazar Designs, Inc.

Fees & Schedule;

| | | |
|---|---|---|
| Interior Architectural Design Fee: | | $100,00.00 |
| June '06 | General Design Development-Interior Floor plans and Interior Architectural details specifications. | *$25,000.00 |
| July '06 | Interior Design Review with owners. Budget review and approval. Contractor selection and bidding. | *$25,000.00 |

*Note-    Salazar Designs, Inc agrees to provide entire month of June & July '06 dedicated to the this specific project and not to actively engage in new projects if the fees are paid in advance and in full for those months, as agreed by client, and paid by June 9, 2006.
Salazar Designs, Inc. agrees to extend this agreement for the entire month of August 2006, if client so wishes to do so, and requests it by July 15, 2006. The same fee of $25,000.00 shall secure this month as time that Salazar Designs, Inc. shall not actively engage in new projects.
This agreement shall not be effective past the end of August, 2006, unless mutually agreed between parties.

If the terms of this proposal are agreeable. Please sign, date, and return with payments as per the above schedule.

I look forward to beginning an exciting new project with your both!

Rob Salazar
SALAZAR DESIGNS, INC.