1   TOBIN & TOBIN
    PAUL E. GASPARI, ESQ., SBN #76496
2   GREGORY J. RYKEN, ESQ., SBN #58199
    500 Sansome Street, 8th Floor
3   San Francisco, CA  94111-3211
    Telephone:     (415) 433-1400
4   Facsimile:     (415) 433-3883
    Email:  pgaspari@tobinlaw.com
5
    Attorneys for Defendant and Counter Claimant
6   THEODORE BROWN & PARTNERS, INC.,
    a California corporation
7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10

11  SAN FRANCISCO DIVISION                      CASE No. 07-05473-CRB
    LOUIS ROVENS, ADRIENNE ROVENS,
    and RAYMOND BREGANTE and                    **MEMORANDUM OF POINTS AND**
12  JEFFREY M. WHITE as Trustees of the         **AUTHORITIES IN OPPOSITION TO**
    Michael W. Rovens and Elise Shanfeld        **MOTION FOR LEAVE TO FILE THIRD**
13  Irrevocable Trust,                          **PARTY COMPLAINT**

14              Plaintiffs,
                                                Judge:  Hon. Charles R. Breyer
15       v.                                     Date:   June 27,2008
                                                Time:   10:00 a.m.
16  THEODORE BROWN & PARTNERS, INC.             Courtroom 8, 19th Floor

17              Defendant.
    THEODORE BROWN & PARTNERS,
18  INC.,

19
                    Counter Claimant,
20       vs.

21  LOUIS ROVENS, ADRIENNE ROVENS,
    and RAYMOND BREGANTE and
22  JEFFREY M. WHITE as Trustees of the
    Michael W. Rovens and Elise Shanfeld
23  Irrevocable Trust, ORLANDO DIAZ-
    AZCUY DESIGNS, INC., WILLIAM G.
24  WALTERS, dba WALTERS ARCHITECTS,
    and WHITEHOUSE BUILDERS
25              Counter Defendants.

26
                                    - 1 -

1    Defendant and Cross-Claimant, THEODORE BROWN & PARTNERS, INC. (hereinafter

2  "Defendant" or "TBP"), hereby submits its Opposition to Plaintiff/Counter Defendant Rovens'

3  Motion for Leave to File Third Party Complaint.

## I.
## INTRODUCTION

Plaintiffs' request for leave of Court to inject a new counterclaim, styled as a Third Party

Claim, into this action is untimely, unsupported by any evidence of necessity, and is a poorly

disguised attempt to continue the trial date.

This motion is an eleventh-hour ruse and the Rovens have not come close to justifying their

delay in seeking leave to file a counterclaim.  The Rovens assert that they were "unaware" of the

potential counterclaim until they reviewed certain depositions in this matter.  This explanation is

suspect and contradictory.  The facts demonstrate that the Rovens were aware of this counterclaim

even prior to the filing of the Cross-Claim by TBP.  Indeed, these allegations are what led to the

filing of the Rovens' initial Complaint.

Granting the Rovens' motion at this time would be prejudicial.  This new claim would

necessitate additional expensive, time-consuming, third-party discovery, it would delay trial for

several months, and would effectively reward the Rovens for their ongoing dilatory conduct.

The motion should also be denied because the counterclaim is devoid of merit and would be

futile.  The motion is merely a brazen attempt to complicate and delay the resolution of this case,

cause TBP additional expense, and circumvent the requirements of the Federal Rules.  The motion

should be denied.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION
FOR LEAVE TO FILE THIRD PARTY COMPLAINT

1

2

## II
## STATEMENT OF FACTS

3  In June, 2006, the Rovens purchased a 4,800 square foot condominium (the

4  "Condominium") in the Four Seasons Residences on Market Street in San Francisco.  Although

5  the Condominium was new, the Rovens wanted to demolish and remodel it.  The Rovens engaged

6  Salazar Designs, Inc. ("Salazar") as the designer for the renovations.

7  Since Salazar was not a licensed architect, Salazar entered into a written contract with

8  TBP to provide architectural services for the project. Since TBP and Salazar had previously

9  worked together on a number of construction projects and had a good working relationship,

10  Salazar understood that the plans to be produced by TBP were instruments of service on which

11  TBP had a copyright and that Salazar, the Rovens, and the contractors working on the

12  Condominium project had a non-exclusive license to use the plans that TBP would prepare, for

13  only so long as TBP was working on the project.

14  

15  TBP prepared demolition and construction plans for the renovation of the Condominium.

16  For reasons unrelated to TBP, the Rovens became disenchanted with Salazar and fired him in

17  December 2006, which resulted in the termination of TBP's work on the project.

18  

19  In February 2007, the Rovens entered into a written contract with cross-defendant Orlando

20  Diaz-Azcuy Designs Associates, Inc. ("ODA") to provide interior design services to the project.

21  The contract stated that among ODA's services, ODA would "review and provide comments on

22  current architectural plans."  ODA has admitted that it "traced" TBP's floor layout.  The Rovens

23  also employed Whitehouse Builders, as the general contractor.

24  

25  In August, 2007, TBP discovered that its plans for the Condominium were being used by

26  

- 3 -

the Rovens, ODA and Whitehouse. TBP registered its plans for copyright protection with the Copyright Office on August 22, 2007.

On August 23, 2007, and October 8, 2007, TBP sent letters to ODA and Whitehouse, among others, notifying them that it appeared that they were using the plans that TBP had prepared, thereby infringing upon TBP's copyright. Both immediately advised the Rovens. As a result, apparently believing that the best defense would be an aggressive offense, on October 26, 2007, the Rovens filed their Complaint in this action for declaratory relief, seeking a determination that they had not infringed on the TBP Plans. TBP filed its Counter-claim on December 19, 2007, which the Rovens and the other counter-defendants answered on January 24, 2008.

### III.
### TRIAL POSTURE

The parties have appeared before this Court on two separate Case Management Conferences, on February 1, 2008 and April 11, 2008. At the first, the Court ordered the parties to mediation. At the second, the Court set a trial date of August 18, 2008. Now, almost one year after the TBP letters, eight months after the filing of the Complaint, two months after the last Case Management Conference and less than sixty days prior to trial, the Rovens ask the Court to allow them to do what they could and should have done almost one year ago.

### IV.
### ARGUMENT

A. The Rovens Cannot Legitimately Explain Their Protracted Delay in Filing the Counterclaim Motion

The motion should be denied because the Rovens have inexcusably delayed seeking leave

- 4 -

to file it.  A relevant factor in determining whether there is undue delay is whether "the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original [pleading]."  *Jordan v. Los Angeles County*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds in County of Los Angeles v. Jordan*, 459 U.S. 810, (1982); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party should have known the facts and theories raised by the amendment in the original pleading."); *see also Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988) (denial appropriate where party "failed to justify the delay in seeking leave to amend"); *Rohner, Gehrig & Co. v. Capital City Bank*, 655 F.2d 571, 576 (5th Cir. 1981) (defendant's "overlooking counterclaim not sufficient, as FRCP "does not give a party the privilege of totally neglecting its case and ignoring time limitations imposed by the" FRCP.).

Here, the Rovens delayed seeking leave for almost one year and set their motion for hearing only sixty days before trial.  The Rovens were well aware that they had a problem with TBP – and Salazar – in August, 2007, when both ODA and Whitehouse informed them that they had each received a letter from TBP alleging copyright infringement.  May 29, 2008 Whitehouse deposition, p. 49, lines 10-17, 24-25; p. 50, lines 1, 18-24 (Exhibit "A" to Gaspari Declaration), and June 3, 2008 Stewart deposition, p. 84, lines 13-18 (Exhibit "B" to Gaspari Declaration).

This problem was so evident that the Rovens and ODA entered into an Indemnity Agreement, effective as of September 19, 2007, in which they anticipated that not only would TBP make a copyright claim but they anticipated that "Salazar might also make such a copyright claim". (Exhibit C, Gaspari Declaration)  Nonetheless, the Rovens did not name Salazar as a defendant in its declaratory relief action nor did the Rovens name Salazar as a counter-defendant when they

- 5 -

1  answered TBP's counter-claim.

2      Thus, the Rovens knew of this potential counterclaim before this lawsuit was even filed

3
4  and well before the deadline to file responsive pleadings.  Plaintiffs claim their extensive delay is

5  due to (1) a bankruptcy filing by Salazar and (2) an unbelievable claim that they did not learn of

6  this claim against Salazar until discovery commenced in this action.

7      1.   The Bankruptcy Action Does Not Provide An Excuse For Delay.

8      The Rovens own statements in support of this motion belie the fact that the Salazar

9  bankruptcy is an excuse for delay.  As the Rovens admit, Salazar, individually, and Salazar Designs

10 Inc. did not file for bankruptcy protection until February 2008.  (White Declaration, Paragraph 12.)

11
12 Their claim against Salazar was known to them in August 2007, when the Brown letters were sent; in

13 October, 2007, when the Complaint was filed; and in January, 2008, when the time for filing a

14 responsive pleading expired.  No bankruptcy proceeding was in effect at any of those times.

15     Moreover, the proposed Third Party Complaint is against Salazar Designs LLC, an entity

16 which is not in bankruptcy, nor has it ever been.

17     2.   The Rovens Were Well Aware Of Their Claim Prior To Discovery In This Action.

18
19     The Rovens would have this Court believe that they only discovered Salazar's breach of

20 contract when Mr. Brown testified at his deposition.  The Court need only read the Complaint, the

21 Counter-Claim and the proposed Third Party Complaint to reach the exact opposite conclusion.  The

22 Rovens knew as soon as they received notice of TBP's claim of copyright infringement that, if they

23 expected their contract with Salazar to allow them unfettered use of the TBP plans, such an

24 agreement had been breached.  Certainly, they knew this when TBP filed its Counter-claim in

25 October, 2007.  The Rovens' argument is disingenuous in the extreme.

26

- 6 -

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION
FOR LEAVE TO FILE THIRD PARTY COMPLAINT

1    B.  TBP Would Be Greatly Prejudiced If The Motion Is Granted.

2        Trial in this action is sixty days away.  TBP has taken the Court's admonitions to heart and

3    has been diligently preparing for trial and has avoided unnecessary and expensive sidetracks into

4    unnecessary discovery.  It is painfully obvious that the Rovens' strategy is to wear TBP down by

5    delaying trial and dragging TBP into its war of attrition with Salazar.  The Rovens currently have

6    five (5) separate state court proceedings pending against Salazar (Gaspari Declaration, Exhibits D1,

7    D2 and D3).

8        Indeed, the Court should be mindful that the Rovens are not without a remedy here.  Any

9    claim they might have against Salazar is one under California law and the Rovens are free to pursue

10   yet another state court claim against him.   They are free to do so without leave of this Court.  There

11   is no need to prejudice TBP by engaging in yet another protracted claim against Salazar in this Court.

12        Under similar circumstances, courts have consistently refused to allow the requested

13   relief.  In *Parker, supra*, the moving party waited until eleven months after the complaint was

14   filed to move to amend, and that motion was based on facts of which the movant had been aware

15   for two and a half years.  *Parker*, 848 F.2d at 121.  As a result of this unexcused delay, combined

16   with the need for the opposing party to conduct additional discovery, including off-shore

17   discovery, the court denied the motion.  *Id.*  Similarly, in *Jordan, supra*, the court found that the

18   combination of prejudice from the need to conduct additional costly discovery midway through

19   the case and the fact that the moving party "proffered no satisfactory reasons for failing to

20   include" the proposed amendment in the original pleading justified denial of the motion to amend.

21   *Jordan*, 669 F.2d at 1324; *see also Richardson Greenshields Sec. Inc. v. Mui-Hin Lau*, 113 F.R.D.

22   608, 611-12 (S.D.N.Y. 1986) ("Unexcused delay, coupled with the probability that the addition of

- 7 -

new claims would lead to a new wave of discovery, is … an adequate basis for denying leave to amend."). Here, the Rovens knew about every single fact supporting the proposed counterclaim one year ago, yet purportedly never considered seeking leave to file it.

This new claim would necessitate additional discovery and would delay the trial by at least several months.[1] The Rovens have filed this motion in an illegitimate attempt to expand the scope of this case and increase TBP's costs.

C. The Rovens' Proposed Third Party Complaint Is Meritless And Granting Leave Would Be Futile

The Court has the discretion to deny a motion for leave to amend when a proposed counterclaim is meritless or would be futile. See *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (district court does not err in denying leave to amend where the amendment would not survive a motion to dismiss.

The gist of the Rovens' proposed Third Party Complaint is that Salazar Designs, Inc, breached its contract with the Rovens and that, as a "mere continuation of Salazar Designs Inc," Salazar Designs LLC is liable for its predecessors' obligations. This is an attempt to plead an "outside reverse piercing of corporate veil", which has been rejected in California.

The court in *Olympic Capital Corp. v. Newman* (C.D.Cal.1967) 276 F.Supp. 646m 658 described outside reverse piercing as "a complete distortion of the alter ego doctrine." The court continued: "That doctrine has been invoked when fairness and justice require that the property of individual stockholders be made subject to the debts of the corporation. To apply such a doctrine

---

[1] The motion sheepishly admits that the addition of Salazar "may require some changes to the current trial schedule". MPA, p. 8, lines 12-15.

here would be asking the court to apply the doctrine in one manner, i.e., make the property of the corporation the property of the stockholder, for the purposes of obtaining jurisdiction of the person of the stockholder and then to reverse the procedure, i.e., make the action of the individual stockholder the action of the corporation for purposes of creating liability in the name of the corporation.  Neither reason nor law compel[s] such a gymnastic." (*Ibid.*)

The California Fourth District Court of Appeal soundly rejected the concept within the past month. *See Postal Instant Press v. Kaswa Corporation* (May 20, 2008) 2008 WL 2108263.

## V.  CONCLUSION

For the foregoing reasons, TBP respectfully requests that the Court deny the Rovens' Motion for Leave to File a Third Party Complaint.

Dated:  June 16, 2008

TOBIN & TOBIN

By
Paul E. Gaspari
Attorneys for Defendant and
Counter Claimant
THEODORE BROWN & PARTNERS, INC.

*H:\PEG\Theodore Brown\OppositionMotionLeaveFileThirdPartyComplaint 061308.doc*

- 9 -

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION
FOR LEAVE TO FILE THIRD PARTY COMPLAINT

<u>PROOF OF SERVICE</u>

CASE NAME:    <u>Louis Rovens, et al. v. Theodore Brown &I Partners, Inc.</u>
COURT:          United States District Court, Northern District of California
CASE NO.:      07-05473-CRB

      I, Marilynn J. Cooper, declare:

      I am over the age of eighteen years and not a party to the cause.  I am employed by the law firm of Tobin & Tobin, 500 Sansome Street, 8th Floor, San Francisco, California 94111-3211.

      On June 16, 2008, I served the document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT** on the parties in this matter by placing a true copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Folger Levin & Kahn LLP | Breall & Breall |
| Michael F. Kelleher, Esq. | Joseph M. Breall, Esq. |
| Julie L. Fieber, Esq. | 1255 Post Street, Suite 800 |
| Kevin P. O'Brien, Esq. | San Francisco, California 94109 |
| Embarcadero Center West | Tel: (415) 345-0545 |
| 275 Battery Street, 23rd Floor | Fax: (415) 345-0538 |
| San Francisco, California 94111 | *Attorneys for Plaintiffs* |
| Tel: (415) 986-2800 | *and Counter Defendants* |
| Fax: (415) 986-2827 | |
| *Attorneys for Plaintiffs* | |
| *and Counter Defendants* | |

      Service of the above document was effectuated by the following means of

service:

      <u>XX</u>    **<u>By First Class Mail</u>** -- I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  It is deposited with the United States Postal Service in the ordinary course of business on the same day it is processed for mailing.  I caused such envelope(s) to be deposited in the mail at San Francisco, California.  The envelope was mailed with postage thereon fully prepaid.

      <u>XX</u>    **<u>Federal Court</u>** -- I declare under penalty of perjury that the foregoing is true and correct and that service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to the cause.

Executed this June 16, 2008, at San Francisco, California.

_____
Marilynn J. Cooper