TOBIN & TOBIN
PAUL E. GASPARI, ESQ., SBN #76496
GREGORY J. RYKEN, ESQ., SBN #58199
500 Sansome Street, 8th Floor
San Francisco, CA 94111-3211
Telephone:    (415) 433-1400
Facsimile:    (415) 433-3883
Email:  pgaspari@tobinlaw.com

Attorneys for Defendant and Counter Claimant,
THEODORE BROWN & PARTNERS, INC.,
a California corporation.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise Shanfeld Irrevocable Trust,<br><br>Plaintiffs,<br><br>v.<br><br>THEODORE BROWN & PARTNERS, INC.<br><br>Defendant. | CASE No. 07-05473-CRB<br><br>**DECLARATION OF PAUL E. GASPARI IN SUPPORT OF OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**<br><br>Judge:  Hon. Charles R. Breyer<br>Date:    June 27, 2008<br>Time:    10:00 a.m.<br>Courtroom 8, 19TH Floor |
| THEODORE BROWN & PARTNERS, INC.,<br><br>Counter Claimant,<br><br>vs.<br><br>LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise Shanfeld Irrevocable Trust, ORLANDO DIAZ-AZCUY DESIGNS, INC., WILLIAM G. WALTERS, dba WALTERS ARCHITECTS, and WHITEHOUSE BUILDERS<br><br>Counter Defendants. | |

- 1 -

I, Paul E. Gaspari, declare as follows:

1.     I have personal knowledge of the matters set forth herein and if called upon to testify as to them I could and would do so competently.

2.     I am a partner of the law firm of Tobin & Tobin, attorneys of record for defendant and counter-claimant Theodore Brown & Partners, Inc. and as such I am personally familiar with all aspects of this firm's representation of its client herein.

3.     On May 29, 2008, I attended and participated in the sworn deposition of Neil Whitehouse, before a certified court reporter.  True and correct copies of portions of the transcript of said deposition are attached as Exhibit "A" hereto and incorporated herein by this reference. This transcript accurately reflects the testimony given at this deposition.

4.     On June 3, 2008, I attended and participated in the sworn deposition of Gregory Stewart, before a certified court reporter.  True and correct copies of portions of the "rough" transcript of said deposition provided to me and opposing counsel by the court reporter are attached as Exhibit "B" hereto and incorporated herein by this reference.  This transcript accurately reflects the testimony given at this deposition.

5.     I have attached hereto as Exhibit "C" a true and correct copy of a redacted Indemnity Agreement produced in discovery by counsel for the Rovens, identified as Bates Nos. ROV_INDEM_00001 – 00008.

6.     On June 11, 2008, I personally accessed the San Francisco Superior Court's SF E-Access Center and found five (5) pending cases filed by the Rovens against Salazar Designs, Inc. and Salazar Designs, LLC.  I attach as Exhibits the D1, D2 and D3 true and correct copies of printouts of the San Francisco E-Access Computer Screens.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 16 day of June, 2008 at San Francisco, California.

Paul E. Gaspari

**DECLARATION OF PAUL E. GASPARI IN SUPPORT OF OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

# EXHIBIT "A"

Neil Whitehouse

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOUIS ROVENS, ADRIENNE          )
ROVENS, and RAYMOND             )
BREGANTE and JEFFREY M.         )
WHITE as trustees of the        )
Michael W. Rovens and Elise     )
D. Shanfeld Irrevocable         )
Trust,                          )
                                )
            Plaintiffs,         )
                                )
        vs.                     )    No. C 07-05473 CRB
                                )
THEODORE BROWN & PARTNERS,      )
INC.,                           )
                                )
            Defendant.          )

DEPOSITION OF NEIL WHITEHOUSE

San Francisco, California

Thursday, May 29, 2008

Reported By:
MARY F. NELSON
CSR No. 3553
Job No. 79857

CERTIFIED
COPY

EXHIBIT A

ec3708ac-c3c1-4fc1-8c42-abba0e8886c2

Neil Whitehouse

1    Theodore Brown was involved in some manner with the

2    Rovens' project?

3        A    He called my office maybe a week prior to this.

4        Q    And tell me about that.  Did he talk to you?

5        A    He didn't speak to me directly.  He spoke to

6    either the receptionist or Candis or one of my project

7    managers.

8        Q    And who informed you of this call?

9        A    Someone from the office.  I don't recall.

10       Q    And what were you told about the call?

11       A    That someone called Theodore Brown and told us

12   that we were using copyrighted plans or something like

13   that.

14       Q    And what did you do upon receipt of that

15   information?

16       A    I believe I called Jeff and just let him know

17   that we received his call.

18       Q    And do you believe, do you know that you

19   called Jeff or do you think you may have called someone

20   else on behalf of the Rovens?

21       A    No, I think I called Jeff.

22       Q    And by Jeff, you mean Jeff White?

23       A    Jeff White.

24       Q    And you told Jeff White that Mr. Brown had

25   called saying you were using copyrighted plans?

Esquire Deposition Services          505 Sansome Street, 5th Floor          San Francisco, California 9411
Phone (415) 288-4280                      (800) 770-3363                      Fax (415) 288-4286

ec3708ac-c3c1-4fc1-8c42-abba0e8886c2

Neil Whitehouse

1     A     Yes.

2     Q     What did Mr. White say to you?

3     A     I don't recall exactly because at that time I

4  was a little confused about who Theodore Brown was.

5  This was the first time I had heard his name on the

6  project.

7           So I believe, and I can't remember his words

8  but I think it was like, you know, just don't worry,

9  we'll take care of it or something.  I don't recall

10 exactly the words.  But it wasn't -- I don't recall the

11 words.

12    Q     Okay.  Prior to receiving the letter did you

13 have any other conversations with anyone about the

14 Theodore Brown call?

15    A     No.

16    Q     Did you do any investigation or make any

17 inquiries on your own behalf after that call?

18    A     No.

19    Q     So a week after the phone call you received

20 this letter, Exhibit 6?

21    A     Yes.

22    Q     What did you do upon receipt of the letter?

23    A     I believe I scanned it and then I e-mailed it

24 to Jeff White.

25          MR. GASPARI:  Let's mark as next in order two

ec3708ac-c3c1-4fc1-8c42-abba0e8886c2

1

2

3

4          I, the undersigned, a Certified Shorthand Reporter

5   of the State of California, do hereby certify:

6          That the foregoing proceedings were taken before me

7   at the time and place herein set forth; that any

8   witnesses in the foregoing proceedings, prior to

9   testifying, were placed under oath; that a verbatim

10  record of the proceedings was made by me using machine

11  shorthand which was thereafter transcribed under my

12  direction; furthermore, that the foregoing is an

13  accurate transcription thereof.

14         I further certify that I am neither financially

15  interested in the action nor a relative or employee of

16  any attorney of any of the parties.

17         IN WITNESS WHEREOF, I have this date subscribe my

18  name.

19

20  Dated: _June 2nd, 2008_

21

22                          _Mary F. Nelson_

23                          MARY NELSON
                            CSR NO. 3553

24

25

# EXHIBIT "B"

1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3                  SAN FRANCISCO DIVISION

4

5    LOUIS ROVENS, ADRIENNE ROVENS,
     and RAYMOND BREGANTE and
6    JEFFREY M. WHITE as Trustees
     of the Michael W. Rovens and
7    Elise Shanfeld Irrevocable
     Trust,
8                                      No. 07-05473-CRB

9           Plaintiffs,

10     vs.

11   THEODORE BROWN & PARTNERS,
     INC.
12
            Defendants.
13   _____

14

15

16            DEPOSITION OF GREG STEWART

17            San Francisco, California

18             Tuesday, June 3, 2008

19             Volume 1, Pages 1 -

20

21

22        REPORTED BY:
          CECELIA J. HENRY
23        CSR No.: 11970
          JOB No.: 89548
24

25

EXHIBIT B

1   work to the project?

2       A    I don't know.

3       Q    Do you know how many phone calls Orlando had

4   with Theodore Brown?

5       A    I don't know that for a fact.

6       Q    Did you ever talk to Theodore Brown?

7       A    Never.

8       Q    Did you ever talk to Albert cast is a?

9       A    Never.

10      Q    Did you ever talk to anyone at Theodore

11  Brown's office?

12      A    Are there more than 2, no.

13      Q    Is your office being indemnified by the Rovens

14  for any claims brought by Theodore Brown in this

15  lawsuit?

16      A    Yes.

17      Q    When CHECK! when the Rovens agree to indemnify

18  your office?

19      A    Certainly after that letter.

20      Q    Before the lawsuit?

21           MR. KELLEHER:  If you know.

22           THE WITNESS:  I don't know.

23  BY MR. GASPARI:

24      Q    Is that indemnity reduced to writing?

25      A    I believe so.

84

# EXHIBIT "C"

# INDEMNITY AGREEMENT

This Indemnity Agreement ("*Agreement*") is made among Orlando Diaz-Azcuy Design Associates, Inc., a California corporation ("*ODADA*"), and Louis and Adrienne Rovens (the "*Rovens*") (ODADA and the Rovens collectively, the "*Parties*"). This Agreement is effective as of September 19, 2007.

## RECITALS

A.      The Rovens are plaintiffs in *Rovens v. Salazar Design Associates, Inc.,* Case Number CGC-06-458820, now pending before the San Francisco Superior Court of California (the "*Existing Litigation*").

B.      Theodore Brown & Partners, Inc., a California corporation ("*TBP*"), and Salazar Designs, Inc., a California corporation ("*SDI*"), are named defendants in the Existing Litigation. SDI and Roberto Salazar, SDI's principal, are collectively referred to herein as *Salazar*.

C.      ODADA is not a party in the Existing Litigation. However, ODADA is the current interior designer in connection with the renovation project (the "*Project*") that is the subject of the Existing Litigation, and there is the potential that claims may be made against ODADA in the Existing Litigation because of its role with respect to the Project.

D      On or about August 23, 2007, TBP wrote to ODADA claiming that there was a potential copyright issue involving architectural plans prepared by TBP and the interior design plans prepared by ODADA for the Project. The Parties believe that Salazar might also make such a copyright claim.

# Redacted

F.      ODADA intends to remain as the designer for the Project to its completion, subject to the Rovens' continued desire to retain ODADA and to the performance by the Rovens and ODADA of the Parties' contract retaining ODADA for design services.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

ROV_INDEM_00001


EXHIBIT ʃC

# Redacted

ROV_INDEM_00002

# Redacted

3

ROV_INDEM_00003

3.      **Indemnification and Reimbursement**.

        (a)      The Rovens agree to indemnify and hold ODADA and its officers, managers, employees, agents, consultants, and affiliates harmless from and against all claims, demands, liabilities, losses, damages, fines, penalties, sanctions, costs, expenses and fees

Redacted

Redacted

arising out of or relating to ODADA's involvement in or connection with the Existing Litigation or any New Claim.

# Redacted

4

5.    **Miscellaneous.**

(a)    This Agreement shall be governed by the laws of the State of California.

(b)    All Parties hereby submit to jurisdiction of the State of California and agree that all actions or proceedings arising directly or otherwise in connection with, out of, or related to this Agreement shall be litigated, only in courts in the County of San Francisco, State of California.

(c)    In the event any action is brought to enforce or interpret the terms of this Agreement, the prevailing party will be entitled to receive, in addition to any other appropriate relief, reasonable attorneys' fees and court costs, whether or not such proceedings are prosecuted to final judgment.

(d)    Any notice, report, demand or other instrument authorized or required to be given or furnished shall be deemed given or furnished: (a) when addressed to the party intended to receive the same, at the address of such party as set forth below, and delivered at such address; (b) three days after the same is deposited in the United States mail as first class certified mail, return receipt requested, postage paid; (c) when delivered by overnight nationwide commercial courier service one business day after the date of delivery of such notice to the courier service or; (d) when transmitted by telecopy to the telecopier number set forth below, to the party intended to receive same, provided, that the original of such given by transmission is confirmed by duplicate notice in such other manner as permitted above upon receipt at such telecopier number:

Rovens:        Mr. & Mrs. Louis Rovens
               c/o Joseph M. Breall, Esq.
               Breall & Breall
               1255 Post Street, Suite 800
               San Francisco, California 94109
               Tel: 415.345.0540
               Fax: 415.345.0538

ODADA:         Orlando Diaz-Azcuy Design Associates, Inc.
               c/o Michael F. Kelleher
               Folger Levin & Kahn LLP
               275 Battery Street, 23rd Floor
               San Francisco, CA 94111
               Tel: 415.986.2800
               Fax: 415.986.2827

Any party may change the address to which any such notice, report, demand or other instrument is to be delivered or mailed, by furnishing written notice of such change to the other parties, but no such notice of change shall be effective unless and until received by such other parties. Rejection or refusal to accept or inability to deliver because of changed address, or because no notice of changed address was given, shall be deemed to be receipt of any such notice.

5

ROV_INDEM_00005

(e)    The descriptive headings used in this Agreement are for convenience only and shall not be deemed to effect the meaning or construction of any provision hereof.

(f)    If any party to this agreement is a corporate entity, the party signing on the corporate entity's behalf has full authority and authorization to bind the corporate entity and execute this agreement.

(g)    This Agreement may be executed in one or more counterparts, each of which shall constitute an original of this Agreement.

IN WITNESS WHEREOF, this Agreement has been executed as of the day and year first written above.

**ODADA**

Orlando Diaz-Azcuy Design Associates, Inc.,
a California corporation

By:_____
      Orlando Diaz-Azcuy

**ROVENS**

_____
Louis Rovens

_____
Adrienne Rovens

72015\2004\570465.1

6

(e)      The descriptive headings used in this Agreement are for convenience only and shall not be deemed to effect the meaning or construction of any provision hereof.

(f)      If any party to this agreement is a corporate entity, the party signing on the corporate entity's behalf has full authority and authorization to bind the corporate entity and execute this agreement.

(g)      This Agreement may be executed in one or more counterparts, each of which shall constitute an original of this Agreement.

IN WITNESS WHEREOF, this Agreement has been executed as of the day and year first written above.

**ODADA**

Orlando Diaz-Azcuy Design Associates, Inc.,
a California corporation

By _____
   Orlando Diaz-Azcuy

**ROVENS**

_____
Louis Rovens

_____
Adrienne Rovens

72015\2004\570465.1

6

TOTAL P.01

ROV_INDEM_00007

(e)     The descriptive headings used in this Agreement are for convenience only and shall not be deemed to effect the meaning or construction of any provision hereof.

(f)     If any party to this agreement is a corporate entity, the party signing on the corporate entity's behalf has full authority and authorization to bind the corporate entity and execute this agreement.

(g)     This Agreement may be executed in one or more counterparts, each of which shall constitute an original of this Agreement.

IN WITNESS WHEREOF, this Agreement has been executed as of the day and year first written above.

**ODADA**

Orlando Diaz-Azcuy Design Associates, Inc.,
a California corporation

By: _____
    Orlando Diaz-Azcuy

**ROVENS**

_____
Louis Rovens

_____
Adrienne Rovens

72015\2004\570465.1

6

ROV_INDEM_00008

# EXHIBIT "D1"

# Case Name Search Results
# Party Name : SALAZAR DESIGNS INC
### *Click on Selected Case Number to view Register of Actions*

| Case | Name | Party Type | Case Title | Filing Date |
|---|---|---|---|---|
| CGC-07-459878 | SALAZAR DESIGNS INC | DEFENDANT | LOUIS ROVENS et al VS. SALAZAR DESIGNS INC et al | Jan-24-2007 |
| CGC-07-465582 | SALAZAR DESIGNS INC | DEFENDANT | ACACIA PACIFIC HOLDINGS INC VS. SALAZAR DESIGNS INC et al | Jul-30-2007 |

EXHIBIT ▭ D1

# EXHIBIT "D2"

# Case Name Search Results
# Party Name : SALAZAR DESIGNS, INC.

*Click on Selected Case Number to view Register of Actions*

| Case | Name | Party Type | Case Title | Filing Date |
|------|------|-----------|-----------|-------------|
| CGC-06-458820 | SALAZAR DESIGNS, INC. | DEFENDANT | LOUIS ROVENS et al VS. SALAZAR DESIGNS, INC. et al | Dec-18-2006 |
| CGC-07-470444 | SALAZAR DESIGNS, INC. | DEFENDANT | LOUIS ROVENS et al VS. SALAZAR DESIGNS, INC. et al | Dec-26-2007 |

EXHIBIT D2

# EXHIBIT "D3"

# Case Name Search Results
## Party Name : SALAZAR DESIGNS, LLC

*Click on Selected Case Number to view Register of Actions*

| Case | Name | Party Type | Case Title | Filing Date |
|---|---|---|---|---|
| CGC-06-458820 | SALAZAR DESIGNS, LLC | DEFENDANT | LOUIS ROVENS et al VS. SALAZAR DESIGNS, INC. et al | Dec-18-2006 |
| CGC-07-459878 | SALAZAR DESIGNS, LLC | DEFENDANT | LOUIS ROVENS et al VS. SALAZAR DESIGNS INC et al | Jan-24-2007 |
| CGC-07-465582 | SALAZAR DESIGNS, LLC | DEFENDANT | ACACIA PACIFIC HOLDINGS INC VS. SALAZAR DESIGNS INC et al | Jul-30-2007 |
| CGC-07-469293 | SALAZAR DESIGNS, LLC | DEFENDANT | LOUIS ROVENS et al VS. SALAZAR DESIGNS,INC et al | Nov-16-2007 |
| CGC-07-470444 | SALAZAR DESIGNS, LLC | DEFENDANT | LOUIS ROVENS et al VS. SALAZAR DESIGNS, INC. et al | Dec-26-2007 |

EXHIBIT D3

PROOF OF SERVICE

CASE NAME:      <u>Louis Rovens, et al. v. Theodore Brown &I Partners, Inc.</u>
COURT:          United States District Court, Northern District of California
CASE NO.:       07-05473-CRB

I, Marilynn J. Cooper, declare:

I am over the age of eighteen years and not a party to the cause.  I am employed by the law firm of Tobin & Tobin, 500 Sansome Street, 8th Floor, San Francisco, California 94111-3211.

On June 16, 2008, I served the document described as: **DECLARATION OF PAUL E. GASPARI IN SUPPORT OF OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT** on the parties in this matter by placing a true copy thereof in a sealed envelope(s) addressed as follows:

Folger Levin & Kahn LLP
Michael F. Kelleher, Esq.
Julie L. Fieber, Esq.
Kevin P. O'Brien, Esq.
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, California 94111
Tel: (415) 986-2800
Fax: (415) 986-2827
***Attorneys for Plaintiffs***
***and Counter Defendants***

Breall & Breall
Joseph M. Breall, Esq.
1255 Post Street, Suite 800
San Francisco, California 94109
Tel: (415) 345-0545
Fax: (415) 345-0538
***Attorneys for Plaintiffs***
***and Counter Defendants***

Service of the above document was effectuated by the following means of service:

XX  **By First Class Mail** -- I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  It is deposited with the United States Postal Service in the ordinary course of business on the same day it is processed for mailing.  I caused such envelope(s) to be deposited in the mail at San Francisco, California.  The envelope was mailed with postage thereon fully prepaid.

XX  **Federal Court** -- I declare under penalty of perjury that the foregoing is true and correct and that service was made under the direction of a member of the bar of this Court who is admitted to practice and is not a party to the cause.

Executed this June 16, 2008, at San Francisco, California.

Marilynn J. Cooper

*H:\MJC\PROOFS OF SERVICE\PROOF OF SERVICE 013-USDC-ROVENS V. THEODORE BROWN.doc*