FOLGER LEVIN & KAHN LLP
Michael F. Kelleher (CSB No. 165493, mkelleher@flk.com)
Kevin P. O'Brien (CSB No. 215148, kobrien@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA  94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

BREALL & BREALL
Joseph M. Breall (CSB No. 124329, jmbreall@breallaw.com)
1255 Post Street, Suite 800
San Francisco, CA 94109
Telephone:  (415) 345-0545

Attorneys for Plaintiffs and Counter Defendants.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS ROVENS, ADRIENNE ROVENS, and RAYMOND BREGANTE and JEFFREY M. WHITE as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust,<br><br>Plaintiffs,<br><br>v.<br><br>THEODORE BROWN & PARTNERS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTER CLAIMS | Case No. C 07-05473 CRB<br><br>**OBJECTIONS TO DECLARATIONS FILED IN SUPPORT OF DEFENDANT AND COUNTER-CLAIMANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**<br><br>**Judge:**     Hon. Charles R. Breyer<br>**Date:**      July  22, 2008<br>**Time:**      10:00 a.m.<br>**Courtroom:** 8, 19th Floor |

Plaintiffs and Counter Defendants Louis Rovens and Adrienne Rovens and Raymond Bregante and Jeffrey M. White as Trustees of the Michael W. Rovens and Elise D. Shanfeld Irrevocable Trust and Counter Defendants Orlando Diaz-Azcuy Designs, Inc., Whitehouse Builders and William G. Walters, dba, Walters Architects (collectively "Plaintiffs and Counter Defendants"), hereby submit the following objections to the Declarations of Richard Hannum and

Theodore Brown and exhibits thereto, which were filed in support of Defendant and Counter-Claimant's Opposition to Motion for Summary Judgment or in the Alternative Summary Adjudication.

**I. OBJECTIONS TO RICHARD HANNUM DECLARATION AND EXHIBITS**

| PARAGRAPH | OBJECTIONS |
|---|---|
| Paragraph 5. "[T]he Rovens had the right to alter the unit in whatever manner suited them including complete demolition of nonbearing walls or core systems element." | **OBJECTIONS:** Latent hearsay. |
| Paragraph 6. "TBP introduced a concept of axis and sequencing of space that is not evident in the Original Plans." | **OBJECTIONS:** Lacks foundation; latent hearsay; conclusory; improper expert opinion. |
| Paragraph 6. "In the Original Plans, the secondary hall and mundane use of the entry sequence as a door hall chopped up the space and did not share the visual axis shown in the TBP plans." | **OBJECTIONS:** Conclusory; improper expert opinion. |
| Paragraph 7. "TBP added signature columns to the design." | **OBJECTIONS:** Lacks foundation; latent hearsay; not the proper subject of expert opinion. |
| Paragraph 7. "Exhibit E-1 demonstrates that the change in program shown in Exhibit E-9, comparisons between the plans, and the new concepts introduced by TBP completely altered the nature of the Rovens' Condominium." | **OBJECTIONS:** Lacks foundation; latent hearsay; conclusory; improper expert opinion. |
| Paragraph 8. "Exhibits E-7 and E-8 demonstrate that the original design concepts, the tree party entry sequence, axial side corridors opening vistas through the residence, allocation of rooms and uses, including the walk-in bar in the ODA Plans were lifted from the TBP Plans; and those architectural features are completely different in concept from the Original Plans." | **OBJECTIONS:** Lacks foundation; speculation; irrelevant to the issues raised in the motion; conclusory; improper expert opinion. |
| Paragraph 9. "The design progression study shows that all of the new concepts about the organization of space were developed over a series of design development drawings by TBP." | **OBJECTIONS:** Lacks foundation; latent hearsay; improper expert opinion. |
| Paragraph 9. "A comparison of that document in Exhibit E-6 shows it to be a trace of the floor plan in the TBP Plans. I learned from reading Mr. Stewart's deposition that he traced the TBP floor plan." | **OBJECTIONS:** Lacks foundation; speculation; mischaracterizes Mr. Stewart's testimony; irrelevant to the issues raised in the motion; improper expert opinion. |
| Paragraph 10. "There are no new concepts presented in the ODA plans that differ substantially from the TBP Plans." | **OBJECTIONS:** Irrelevant to the issues raised in the motion; improper expert opinion. |
| Paragraph 11. "The visual sequence, alignment and allocation of space are the same on the TBP Plans and the ODA Plans." | **OBJECTIONS:** Irrelevant to the issues raised in the motion; conclusory; improper expert opinion. |

| | | |
|---|---|---|
| 1, 2, 3 | Paragraph 12. "Similarly, the alignment and sequencing of spaces to the second bedroom is the same on the TBP Plans and the ODA Plans. TBP changed these from the sequence of space on the Original Plans." | **OBJECTIONS:** Lacks foundation; latent hearsay; irrelevant to the issues raised in the motion; conclusory; improper expert opinion. |
| 4, 5 | Paragraph 14. "ODA relied on the TBP Plans, compressing their normal design process, to meet the deadlines." | **OBJECTIONS:** Lacks foundation; mischaracterizes Mr. Stewart's testimony; speculation; irrelevant to the issues raised in the motion; improper expert opinion. |
| 6, 7, 8 | Paragraph 14. "Between the February 2007 signing of the ODA contract to proceed, by which time ODA had presented the Rovens with a design traced from the TBP Plans, and the filing of permit drawings in March 2007, signed by Mr. Walters (a third party architect), ODA did not design a new plan." | **OBJECTIONS:** Lacks foundation; mischaracterizes Mr. Stewart's testimony; speculation; irrelevant to the issues raised in the motion; improper expert opinion. |
| 9, 10, 11 | Paragraph 14. "It was contemplated in the ODA contract, and appears to be a basis for the ODA schedule for the Rovens, that ODA should rely on the TBP Plans as their staring point and be the basis for their work." | **OBJECTIONS:** Lacks foundation; mischaracterizes Mr. Stewart's testimony; speculation; irrelevant to the issues raised in the motion; improper expert opinion. |
| 12, 13, 14 | Paragraph 15. "I learned from reading the deposition of Mr. Gregory Stuart that the Rovens representatives provided the TBP Plans to ODA and that Mr. Stuart acknowledges that he traced the TBP Plans to create the ODA Plans." | **OBJECTIONS:** Lacks foundation; mischaracterizes Mr. Stewart's testimony; speculation; irrelevant to the issues raised in the motion; improper expert opinion. |
| 15, 16, 17 | Paragraph 15. "ODA prepared a permit set of drawings by March 5 and a bid set by March 30, which remained virtually unchanged form the design traced by Mr. Stewart." | **OBJECTIONS:** Lacks foundation; mischaracterizes Mr. Stewart's testimony; speculation; irrelevant to the issues raised in the motion; conclusory; improper expert opinion; contravenes Rule 56(e)(1) by failing to attach referenced documents. |
| 18, 19 | Paragraph 16. "ODA used the TBP Plans to accelerate the delivery of the project; and the materials specified, purchased and installed in the Rovens Condominium are based on the TBP Plans." | **OBJECTIONS:** Lacks foundation; mischaracterizes Mr. Stewart's testimony; speculation; irrelevant to the issues raised in the motion; conclusory; improper expert opinion. |
| 20, 21 | Paragraph 16. "[A]ll of the work prepared by ODA stood on the shoulders of TBP and the design crated by that office." | **OBJECTIONS:** Lacks foundation; mischaracterizes Mr. Stewart's testimony; speculation; irrelevant to the issues raised in the motion; conclusory; improper expert opinion. |
| 22, 23, 24 | Paragraph 16. "The principal materials for the project were acquired per the TBP Plans and these remain effectively unchanged in use and application." | **OBJECTIONS:** Lacks foundation; latent hearsay; mischaracterizes Mr. Stewart's testimony; speculation; irrelevant to the issues raised in the motion; conclusory; improper expert opinion. |

## II. OBJECTIONS TO THEODORE BROWN DECLARATION AND EXHIBITS

| PARAGRAPH | OBJECTIONS |
|---|---|
| Paragraph 3. "On all of these projects, Mr. Salazar and I operated upon the common understanding and agreement that my firm, as architect, owned the copyright to the plans prepared by my firm and that those plans could not be used on any project without my consent." | **OBJECTIONS:** Hearsay. |
| Paragraph 4. "Although the contract does not refer to my firm's copyright rights in the plans to be drawn, Mr. Salazar and I had an understanding, consistent with the regular course of our business relationship, that my firm owned the copyright in the plans for the Rovens' condominium." | **OBJECTIONS:** Hearsay. |
| Paragraph 4. "It was also our understanding, based upon our past experience, that Mr. Salazar, the Rovens, and the contractors working on the Rovens' condominium project had a non-exclusive license to use the plans that my firm prepared, so long as my firm was working on the project." | **OBJECTIONS:** Hearsay. |
| Paragraph 8. "Since my contract was with Mr. Salazar, I told Mr. White that I would need Mr. Salazar's permission before I would consider accepting his offer. Thereafter, I asked Mr. Salazar if he would object if I worked directly with the Rovens. He did object, and I called Mr. White and told him that I would not be able to work on the project." | **OBJECTIONS:** Hearsay. |
| Paragraph 8. "After termination, Mr. Salazar continued to pay our invoices." | **OBJECTIONS:** Contravenes Rule 56(e)(1) by failing to attach referenced documents. |

Respectfully submitted,

Dated: July 11, 2008

/s/
Joseph M. Breall
Attorneys for
Plaintiffs and Counter Defendants

81052\2001\609148.1